466 A.2d 1336

COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES, Petitioner in No. 92, Appellee in No. 58 and Appellant in No. 59,

v.

FRANK BRISCOE COMPANY, INC. and Travelers Indemnity Company, Petitioners in No. 92, Appellants in No. 58 and Appellees in No. 59

and

James C. Eastley, Inc., Steel City Piping Company, Keystone Engineering Corp., and Westinghouse Elevator Company, Respondents in No. 92 and Appellees in Nos. 58 and 59.

Supreme Court of Pennsylvania.

Argued Sept. 12, 1983.

Decided Oct. 19, 1983.

450

Bruce W. Kauffman, Sheryl L. Auerbach, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Anthony P. Krzywicki, Chief Counsel, Com. of Pa., Dept. of Gen. Services, Harrisburg, for Com. of Pa., Dept. of General Services.

Kenneth M. Cushman, Kenneth I. Levin, Pepper, Hamilton & Scheetz, Philadelphia, Robert S. Peckar, Peckar & Abramson, Hackensack, N.J., for Frank Briscoe Co., Inc., and Travelers Indemnity Co.

Kenneth M. Cushman, Kenneth I. Levin, Philadelphia, Robert S. Peckar, Hackensack, N.J., for appellants at No. 58.

Bruce W. Kauffman, Sheryl L. Auerbach, Philadelphia, Anthony Krzywicki, Harrisburg, for appellant at No. 59.

Steven A. Arbittier, David F. Simon, Philadelphia, for Keystone Engineering.

Theodore A. Adler, Camp Hill, for Steel City Piping Co. and James C. Eastley, Inc.

Mary Jane Forbes, McNees, Wallace & Nurick, Harrisburg, for Westinghouse Elevator Co.

Rod J. Pera, Harrisburg, for Westinghouse Elevator Co.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

These are consolidated appeals from two orders of the Commonwealth Court entered in a contract action arising from delays alleged to have been incurred in the construction of the David L. Lawrence Convention Center in Pittsburgh, Pennsylvania. In a complaint filed in the original jurisdiction of the Commonwealth Court, the Department of General Services ("Department") seeks damages from the Frank Briscoe Company ("Briscoe") for delay as well as faulty construction. Briscoe, one of the five prime contractors responsible for the construction of the Convention Center, in turn has filed a counterclaim seeking damages from the Department for the Department's alleged delay. In addition to damages, the Department's complaint seeks a declaratory judgment that, as between Briscoe and the Commonwealth, Briscoe alone bears liability to the other contractors for construction delay.

By order dated May 3, 1983, the Commonwealth Court sustained preliminary objections filed by the Department challenging the jurisdiction of the Commonwealth Court to entertain Briscoe's counterclaim. In a separate order entered the same day, the Commonwealth Court dismissed those counts of the Department's complaint seeking declaratory relief on the ground that exclusive jurisdiction over the issue presented by the Department's request for relief was in the Board of Claims.

We agree with the Commonwealth Court that the counts of the Department's complaint seeking declaratory relief were not properly brought in the Commonwealth Court and, hence, affirm the order dismissing those counts. However, because we conclude that Briscoe was entitled to assert its counterclaim for damages in the Commonwealth Court, we reverse the order sustaining the Department's preliminary

objections and remand for a determination of the merits of the counterclaim.

## I

In May of 1977, the Department awarded contracts for the construction of the Convention Center to Briscoe, for the general construction; James C. Eastly, Inc. ("Eastly"), for heating, ventilation, and air conditioning; Steel City Piping Company ("Steel City"), for plumbing; Keystone Engineering Corporation ("Keystone"), for electrical work; and Westinghouse Elevator Company ("Westinghouse"), for vertical transportation work. The contracts, which were to be funded with over $40,000,000 of state monies, included provisions for dispute resolution. Claims of a contractor against the Department were to proceed through a four-tier administrative procedure, concluding with the submission of unresolved claims to the Board of Claims. Disputes among the contractors not involving the Department were to be resolved by common-law arbitration.

Construction on the project began in June of 1977. The Convention Center was originally scheduled to be completed by October 1, 1979, but the date was later extended to February 1, 1980, by agreement of the parties. The Department alleges that the Convention Center was not available even for partial occupancy until February of 1981.

The Department's complaint, filed June 29, 1980, was separated into eleven counts. Counts I through IV set forth allegations of breach of contract against Briscoe and Travelers Indemnity Company, the performance bond surety for Briscoe, and sought damages for delays and faulty construction. Counts V through IX asserted claims in assumpsit against Briscoe individually and sought declarations that Briscoe, and not the Department, bore responsibility for various losses occurring during the course of construction.[1]

1. These latter counts were later abandoned by the Department pursuant to a stipulation between the Department and Briscoe, and are not before us on these appeals.

Counts X and XI, which contained the Department's request for declaratory relief, alleged that Eastly, Steel City, Keystone and Westinghouse "have presented, or are in the process of presenting" claims for delay damages against the Department pursuant to the provisions of the contracts relating to claims procedure, and that responsibility for these claims rested solely with Briscoe.[2] As relief, the Department sought a declaration that the Commonwealth bore no liability to any of the contractors for delays caused exclusively by Briscoe, a declaration that under the contracts the exclusive remedy for assertion of claims for delay damages against Briscoe was through common-law arbitration, a declaration that the Commonwealth was not obliged to be a party to any arbitration proceeding, and an order specifically prohibiting Eastly, Steel City, Keystone, and Westinghouse from proceeding with claims for delay damages, except through the common-law arbitration procedure outlined in the contracts.

Briscoe filed its counterclaim on February 2, 1983, and seven days later the Department filed its preliminary objections to the Commonwealth Court's jurisdiction over the counterclaim. Eastly and Steel City filed motions for summary judgment as to Counts X and XI of the complaint on August 25, 1982, and Westinghouse filed an identical motion for summary judgment on November 16, 1982. On May 3, 1983, the Commonwealth Court (Satterthwaite, J., sitting by designation), entered its certified orders sustaining the Department's preliminary objections and granting the motions of Eastly, Steel City, and Westinghouse for summary judgment.[3] The present appeals followed, one by Briscoe from the order dismissing its counterclaim and the other by the

2. At the time the Department filed its complaint, none of the contractors' claims had reached the Board of Claims. Presently, however, each of the contractors except Keystone has a claim against the Department pending before the Board.

3. Although Keystone did not file a motion for summary judgment, the Commonwealth Court, on its own motion, entered summary judgment in favor of Keystone as well.

Department from the order dismissing counts X and XI of its complaint.

## II

We address first the authority of the Commonwealth Court to entertain Briscoe's counterclaim. The original jurisdiction of the Commonwealth Court is set forth in section 761 of the Judicial Code. In relevant part, section 761 provides:

> "(a) *General Rule.*—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> . . . . .
>
> (iii) actions on claims in which immunity has been waived pursuant to Chapter 85 (relating to matters affecting government units) or the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act;
>
> . . . . .
>
> (2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings."

42 Pa.C.S. § 761.

In 1977, this Court evenly divided when presented with the issue whether, under the predecessor of section 761, which contained essentially the same provisions, the Commonwealth Court could entertain a counterclaim to a claim brought by the Commonwealth in the Commonwealth Court. *Commonwealth v. Ludlow Clinical Laboratories, Inc.,* 473 Pa. 299, 374 A.2d 526 (1977). We now conclude that the Commonwealth Court may entertain such a counterclaim. The provision in section 761(a) for original jurisdiction in the Commonwealth Court "of all civil actions or proceedings," brought by or against the Commonwealth, except those in certain designated categories, evidences the Legislature's

intent to confer upon the Commonwealth Court jurisdiction over an entire action or proceeding which is properly commenced in the Commonwealth Court. An action or proceeding includes the entire case arising out of a single transaction or series of transactions, including a defendant's counterclaim, not just the Commonwealth's claim. See *Ludlow,* supra, 473 Pa. at 311, 374 A.2d at 532 (Roberts, J., Opinion in Support of Reversal, joined by Nix, J.). See also *Household Consumer Discount Co. v. Vespaziani,* 490 Pa. 209, 415 A.2d 689 (1980). Cf. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (Congressional conferral of jurisdiction on federal courts to decide federal "cases" includes power to dispose of claims based wholly on state law which are derived from "a common nucleus of operative fact").

The Commonwealth Court, in holding that it lacked jurisdiction to decide the merits of Briscoe's counterclaim, relied on section 761(a)(iii), which provides that the Commonwealth Court's original jurisdiction over "civil actions or proceedings ... [a]gainst the Commonwealth government" does not include "actions on claims in which immunity has been waived pursuant to ... the Act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act." Here, however, Briscoe has attempted to assert its breach of contract claim against the Department not as an original matter but as a counterclaim in an assumpsit action instituted by the Department pursuant to section 761(a)(2), in which Briscoe was named as a defendant. This Court has previously held that in a suit initiated by the Commonwealth, the party sued may assert a claim derived from the same transaction as a basis for recoupment, even though the claim could only have been commenced as an original matter in the Board of Claims. See *Commonwealth v. Berks County,* 364 Pa. 447, 72 A.2d 129 (1950). Surely if the Commonwealth Court has jurisdiction to hear a counterclaim for purposes of recoupment, a claim which will, if successful, reduce or even nullify entirely a judgment for the Commonwealth, there is no sound jurisprudential or policy reason

why the Commonwealth Court should be unable to utilize the same trial to grant an affirmative recovery. Indeed, as noted by both Briscoe and the Department, who have joined in urging this Court to hold that Briscoe's counterclaim is within the Commonwealth Court's jurisdiction, judicial economy is advanced by allowing the parties to obtain a comprehensive disposition of the litigation in one proceeding.

The result we reach is consistent with article I, section 11 of the Pennsylvania Constitution, which provides that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct," and with Act 152 of 1978, Act of September 28, 1978, P.L. 788, § 1, which provides that suits against the Commonwealth are to be brought "only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise authorized by statute." It is undisputed that Briscoe may bring suit against the Commonwealth for damages flowing from an alleged breach of contract. See Act of May 20, 1937, P.L. 728, 72 P.S. § 4651–1 et seq. (Supp.1983–84). If Briscoe were to initiate such a suit, that suit would have to be brought in the Board of Claims. We hold only that where, as here, the Commonwealth has initiated suit in the Commonwealth Court, the Commonwealth Court's statutory jurisdiction over "civil actions or proceedings" includes jurisdiction to decide counterclaims which arise from the same underlying transaction.[4]

4. In dismissing Briscoe's counterclaim, the Commonwealth Court relied upon *Commonwealth v. Orsatti, Inc.*, 448 Pa. 72, 292 A.2d 313 (1972), which sustained the dismissal of a counterclaim on the ground that the Commonwealth had, pursuant to article I, section 11, consented only to those suits for breaches of contract brought in the Board of Claims. However, in *Orsatti* the party asserting the counterclaim had earlier sought to maintain the same claim in the Board of Claims, which dismissed the claim as untimely. Thus the facts presented by *Orsatti* did not require consideration of the scope of the Commonwealth's consent to suit. *Orsatti* should be read only to direct that the Commonwealth Court may not entertain a counterclaim against the Commonwealth to redress an alleged breach of contract when the same claim would be barred if commenced as an original matter in the Board of Claims. See *Commonwealth v.*

As the scope of the "civil action" over which the Commonwealth Court has statutorily been granted jurisdiction must on this record be deemed to include not only the Department's allegations of breach of contract against Briscoe, but also Briscoe's claim for damages against the Department, both of which arise out of the same contractual undertaking, the order of the Commonwealth Court sustaining the Department's preliminary objections must be reversed and the record remanded for a determination of the merits.

## III

Although the Commonwealth Court incorrectly determined that it lacked jurisdiction to entertain Briscoe's counterclaim, it correctly concluded that the granting of the Department's requested declaratory relief would exceed the proper scope of the Declaratory Judgments Act, 42 Pa.C.S. § 7531 et seq.

The Department's own averments establish that in June of 1980, when the Department filed its complaint in Commonwealth Court, the Department was well aware that contractual relations between itself and the five prime contractors had deteriorated and that each contractor was about to commence an action against the Department in the Board of Claims. On June 29, 1980, in anticipation of these proceedings, the Department sought to avail itself of the procedure set forth in the Declaratory Judgments Act in an effort to have its contractual obligations fixed by the Commonwealth Court prior to having to defend in the Board of Claims. Unlike the counts of the complaint against Briscoe and Travelers which sought affirmative recovery, the two counts seeking declaratory relief against all five contractors sought merely to establish that under the contracts the Department bore no liability to any of the defendants for damages for delay, and that the Department was not obliged to be a party to any arbitration proceeding to resolve one contractor's claim against another. Because it is manifestly

*Ludlow,* supra, 473 Pa. at 313 n. 3, 374 A.2d at 533 n. 3 (Roberts, J., in Support of Reversal, joined by Nix, J.).

apparent that the Department's request for declaratory relief in counts X and XI of its complaint was in reality simply an attempt to establish in advance the validity of an affirmative defense to be used to defeat the contractors' breach of contract actions currently pending in the Board of Claims, declaratory relief was properly denied. See *Burnham Coal Co. v. PBS Coals, Inc.,* 65 Pa.Cmwlth. 86, 442 A.2d 3 (1982) (declaratory relief unavailable from Commonwealth Court when issues fully embraced by pending administrative proceeding). Cf. *Pa. Labor Relations Bd. v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982) (party may not avoid arbitration on the ground that arbitration panel is without jurisdiction to grant relief, but rather must present issue of arbitrability to panel). The fact that no contractor's action was pending in the Board of Claims at the time the Department's declaratory judgment action was filed does not require a contrary conclusion. Even where there is no action pending before the Board, the declaratory judgment procedure may not be used to prejudge issues that are committed for initial resolution to an administrative forum, any more than it may be used as a substitute to establish in advance the merits of an appeal from that forum. See 42 Pa.C.S. §§ 7541(c)(2) & (c)(3); *Ven-Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194 (11th Cir.1982) (declaratory relief unavailable when action filed in anticipation of another proceeding); *Donadio v. Cunningham,* 58 N.J. 309, 277 A.2d 375 (1971) (relief by way of declaratory judgment should be withheld when request for relief is an attempt to adjudicate validity of defense in expected future lawsuit).

Because the proper procedure for the Department to obtain a determination of its contractual obligations was to file answers to the contractors' suits in the Board of Claims in accordance with the procedure set forth in section 4651–6 of the Board of Claims Act, the order of the Commonwealth Court granting the contractors' motions for summary judgment must be affirmed.

Order of the Commonwealth Court sustaining the preliminary objections of the Department of General Services to

the counterclaim filed by the Frank Briscoe Company reversed, and record remanded for a determination of the merits. Order of the Commonwealth Court granting the motions for summary judgment and dismissing the counts of the Department's complaint seeking declaratory relief affirmed.