The Delaware River Port Authority, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs May 9, 1985 to Judges MAC-PHAIL, BARRY and PALLADINO, sitting as a panel of three.

*D. Donald Jamieson,* with him, *Jeffrey Cooper, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for petitioner.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE BARRY, September 9, 1985:

The Delaware River Port Authority (Authority) and the Department of Transportation (DOT) have filed a joint motion requesting a stay of certain proceedings presently before the Board of Claims (Board). This appeal results from the Board's denial of the joint motion.

The Authority commenced this action on October 25, 1979, by filing a complaint before the Board seek-

ing damages from DOT for breach of contract resulting from its failure to construct a highway, commonly referred to as the Casimir Pulaski Expressway. On March 29, 1982, DOT filed a complaint before this Court asserting a claim for damages against the Authority arising out of the identical factual situation. On August 22, 1982, the Authority filed in this Court a counterclaim based on the same allegations contained in its complaint before the Board. On February 3, 1984, both parties filed a joint motion asking the Board to stay the Authority's original action pending a determination of the proceedings before this Court. The Board denied the request and this appeal followed.[1]

In its opinion the Board recognizes that forcing the same parties to simultaneously litigate the same issues in two different forums will result in "confusion, needlessly prolonged litigation and lack of judicial economy." (Opinion of the Board, 5/15/84, p. 2). However, it concludes that judicial economy will be advanced only if the matter is allowed to continue before the Board. We disagree.

Although both forums have properly acquired jurisdiction, we believe that in the interest of judicial economy, this matter should be decided in the forum where the parties are able to obtain a comprehensive disposition of all their claims. For the reasons that follow, we believe that forum is the Commonwealth Court.

In *Department of General Services v. Frank Briscoe Company, Inc.,* 502 Pa. 449, 457, 466 A.2d 1336, 1340 (1983), the Supreme Court held that where "the Commonwealth has initiated suit in the Common-

---

[1] Permission to appeal the Board's decision was granted by this Court by order dated August 23, 1984.

wealth Court, the Commonwealth Court's statutory jurisdiction over civil actions or proceedings includes jurisdiction to decide counterclaims which arise from the same underlying transaction." Clearly then, both DOT's claim and the Authority's counterclaim may be properly disposed of in one proceeding before this Court.

On the other hand, only the Authority's original action is presently before the Board. Moreover, the Board notes in its opinion that if DOT were to now file a counterclaim to the Authority's action, this counterclaim would be dismissed by the Board as untimely. Although we need not, at this point, review the legality of such proposed action by the Board, it is clear that a comprehensive disposition of all the claims cannot be had before the Board at this time. In the interest of judicial economy, we must, therefore, reverse the Board's decision and grant the requested stay.

ORDER

Now, September 9, 1985, the order of the Board of Claims dated May 15, 1984, amended July 3, 1984, at Docket No. 660, is reversed. It is hereby ordered that the proceedings in the above-captioned matter which are presently before the Board of Claims shall be stayed pending resolution of the same matter before the Commonwealth Court.