**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMEN-TAL PROTECTION, Plaintiff,**

**v.**

**ALTOONA CITY AUTHORITY, City of Altoona, and American Premier Underwriters, Inc., Defendants,**

**and**

**Consolidated Rail Corporation, Pennsylvania Electric Co., Inc., Redevelopment Authority of Altoona, Union Tank Car Company, and Simon Resources, Inc., Additional Defendants.**

Commonwealth Court of Pennsylvania.

Heard Feb. 5, 1997.

Decided Feb. 20, 1997.

Publication Ordered March 3, 1997.

Barbara J. Grabowski, Assistant Counsel, and Zelda Curtiss, Assistant Regional Counsel, Pittsburgh, for plaintiff.

Benjamin G. Stonelake, Jr., Philadelphia, for defendant, American Premier Underwriters.

Rodney B. Griffith, Philadelphia, for defendant, Consolidated Rail.

John F. Stoviak, Philadelphia, for defendant, Pennsylvania Electric.

Allen C. Warshaw, Harrisburg, for defendant, Union Tank Car.

## OPINION

RODGERS, Senior Judge.

The Commonwealth of Pennsylvania, Department of Environmental Protection (Department) has filed a complaint in our original jurisdiction seeking reimbursement of response costs incurred by the Department, and a declaration of liability for future response costs, to remedy the release and threatened release of hazardous substances from two waste disposal pits at the Easterly Sewage Treatment Plant site (Site) near the village of East Altoona in Logan Township, Blair County.

The Department filed its complaint on October 30, 1995 against the Altoona City Authority (ACA), the City of Altoona (City), and American Premier Underwriters (APU), formerly known as Penn Central Corporation (PCC), alleging these defendants were strictly liable, jointly and severally, under Sections 507 and 702 of the Hazardous Sites Cleanup Act (HSCA), Act of October 18, 1988, P.L. 756, *as amended*, 35 P.S. §§ 6020.507 and 6020.702, for response costs already incurred in the amount of approximately $5,370,000, and strictly liable under Section 1114 of the HSCA, 35 P.S. § 6020.1114, for future costs estimated to exceed $10,000,000.

The Department alleged, based, inter alia, upon their site investigations, hazardous site and risk assessment reports, and public hearing by the Department, after notices to the ACA, Consolidated Rail Corporation and PCC, filed in the Administrative Record, as required by Section 506 of the HSCA, 35 P.S. § 6020.506, that the ACA was responsible because it currently owned a parcel, a part of the Site, and operated the Site when hazardous substances were released; that the City was responsible because it currently owns another parcel, a part of the Site, and owned the parcel when hazardous substances were placed or came to be located on the Site, and during the time that hazardous substances were released; and that APU, formerly PCC, was responsible because it also owned a parcel, being part of the Site, when hazardous substances were placed or came to be located on the Site and during the time when hazardous substances came to be released, and also because APU generated or possessed a hazardous substance and arranged for the disposal and transport for disposal of hazardous substances at the Site.

Beginning in January, 1996, APU filed praecipes for writs to join Consolidated Rail Corporation (Conrail), Union Tank Car Company (Union Tank), Pennsylvania Electric Company (Penn Electric), Redevelopment Authority of Altoona (Redevelopment Authority), and Simon Resources, Inc. (Simon), as additional defendants.

In November, 1996, in response to a rule to file complaint, APU filed its complaint to join additional defendants. In its second amended complaint, filed in December, 1996, APU, while denying liability to the plaintiff, Department, alleged that the additional defendants were strictly liable to the plaintiff and to APU because they generated, deposited and transported hazardous substances to the Site, or caused such substances to be deposited or transported to the Site, or to landfills in direct proximity to the Site, or to the Easterly Sewage Treatment Plant where they were processed and came to be located at the Site.

Conrail has filed preliminary objections to APU's complaint, alleging, inter alia, lack of specificity, exclusive jurisdiction in the Regional Rail Reorganization Special Court, lack of notice to the DER, and no current ownership interest of APU in the Site.

Conrail has also filed preliminary objections to the answer and new matter of the additional defendant, Redevelopment Authority, and also to the new matter in nature of cross-claims of the additional defendant, Union Tank.

■ The additional defendant, Penn Electric, has also filed preliminary objections to APU's second amended complaint. After the preliminary objections of the additional defendants were scheduled for briefing and argument, this Court invited briefs and arguments on the issue of whether the Commonwealth Court has jurisdiction to decide claims filed against the additional defendants by an original defendant, in light of *Department of Transportation v. Joseph Bucheit & Sons, Co.*, 506 Pa. 1, 483 A.2d 848 (1984).

In *Bucheit,* the Dept. of Transportation (DOT) had entered into a contract with Bucheit to construct the Brady Street Bridge in Pittsburgh and also entered into a separate contract with Magna–Flux Corporation to certify the structural steel used in the construction. Bucheit had entered into a subcontract with Pittsburgh Des–Moines Steel to supply the steel for the bridge. DOT filed complaints in assumpsit and trespass in this Court against both Bucheit and Magna–Flux alleging breach of contract and implied warranties and negligent construction and inspection. Bucheit and Magna–Flux both sought to join Pittsburgh Des–Moines as an additional defendant because it had supplied steel girders with defective welds.

Bucheit and Magna–Flux both argued that the Commonwealth Court had jurisdiction of the claims of the original defendant against the additional defendant because this Court had jurisdiction over all "civil actions or proceedings" by the Commonwealth, that the practice and procedure to be followed by this Court is that applicable in the court of common pleas, and that Pa.R.C.P. No. 2252(a) authorizes a defendant to join such additional defendant, and because the action could have also been brought in the court of common pleas, which has concurrent jurisdiction in actions brought by the Commonwealth.

The Pennsylvania Supreme Court rejected this argument. While agreeing that Bucheit's counterclaim against DOT could be heard by this Court on the authority of *Department of General Services v. Frank Briscoe Co., Inc.,* 502 Pa. 449, 466 A.2d 1336 (1983), the court pointed out that the jurisdiction of the Commonwealth Court is unique in that it is predicated upon the identity of the parties and the capacity in which they sue or are sued rather than upon the nature of the cause of action asserted, does not include collateral claims to which the Commonwealth is not a party, and that:

> [t]he spectre of the Commonwealth awaiting final judgment in a case where its own right to recovery has been established, while numerous general contractor and subcontractor defendants and additional defendants seek to shift ultimate responsibility among themselves, is sufficient to

counsel the conclusion that the holding in Briscoe .... must not be extended beyond its facts.

*Bucheit,* 506 Pa. at 8, 483 A.2d at 851.

APU attempts to distinguish the holding in Bucheit by asserting that Sections 507(a) and 705 of the HSCA, 35 P.S. §§ 6020.507(a) and 6020.705, grant specific statutory authority to the Commonwealth Court to decide claims between the original and the additional defendants for recovery of response costs incurred. However, Section 507(a) of the HSCA simply provides that "[t]he department, a Commonwealth agency, or a municipality which undertakes to abate a public nuisance under this act or take a response action may recover those response costs ... in an action in equity brought before a court of competent jurisdiction." It is apparent that this section, together with Section 761(a)(2) of the Judicial Code, 42 Pa.C.S. § 761(a)(2), merely grants concurrent jurisdiction to the Commonwealth Court of an action brought by the Department against the original defendant, and does not authorize jurisdiction over additional defendants against whom the Department has asserted no claim.

Similarly, Section 705(a) of the HSCA merely provides that a person may seek contribution from a responsible person during or following a civil action under Section 507 of the HSCA and that such claims shall be brought in accordance with this section and the Pennsylvania Rules of Civil Procedure. Section 705(b) of the HSCA, 35 P.S. § 6020.705(b), says that, in a civil action in which a liable party seeks a contribution claim, the court in an action brought under Section 507 of the HSCA, shall enter judgment allocating liability among the liable parties, but allocation shall not affect liability to the Department.

■ In the case of *Department of Environmental Resources v. Bryner,* 149 Pa. Cmwlth. 59, 613 A.2d 43 (1992), Judge Palladino, in granting summary judgment to the Department on liability, held that where the administrative record clearly demonstrated that the defendants contributed to causing the release of hazardous substances, the acts or omissions of a third party were not a

defense under Section 703(a)(3) of the HSCA, 35 P.S. § 6020.703(a)(3), which requires that the release of such substances be caused **solely** by the acts or omissions of a third party. *Bryner*. APU, an original defendant in this case, by joining five additional defendants, on the ground that they have also contributed to the release of hazardous substances, thus, seeks to raise a defense not permitted by the HSCA.

In *Smith v. Weaver*, 445 Pa.Superior Ct. 461, 665 A.2d 1215 (1995), where the purchaser sued the seller for response costs arising from contamination from leaking underground storage tanks for a gasoline service station, the court held that a private cause of action existed under the provisions of Sections 702 and 1101 of the HSCA. However, the Department was not involved in this case which was brought in the Common Pleas Court of Allegheny County.

APU also claims this Court has jurisdiction under Section 1115(a) of the HSCA, 35 P.S. § 6020.1115(a), which provides that "[a] person who has experienced or is threatened with personal injury or property damage as a result of a release of a hazardous substance may file a civil action against any person to prevent or abate a violation of this act. . . ." But Section 1115(b) of the HSCA, 35 P.S. 6020.1115(b) states that "[t]he courts of common pleas shall have jurisdiction over any actions authorized under this section."

APU maintains this provision is void in a case where the Department is a party, citing *CRY, Inc. v. Mill Service, Inc.*, 536 Pa. 462, 640 A.2d 372 (1994). In *CRY*, a citizen's group brought an action in common pleas court only against Mill Service, an industrial waste treatment and storage facility, for alleged violations of state environmental laws, including the HSCA, seeking injunctive relief against both Mill Service and the Department, who allegedly was permitting violations of such laws by condoning the release of hazardous wastes. The Supreme Court held that the Department was an indispensable party defendant in such action, and that in such action against the Commonwealth government, exclusive jurisdiction was granted to the Commonwealth Court by Section 761(b) of the Judicial Code, 42 Pa.C.S.

§ 761(b). The court further held this statute prevailed over the conflicting provisions of Section 1115(b) of the HSCA, because the issue of whether the Department was enforcing proper standards for the release of hazardous waste had state-wide impact that should be decided by the Commonwealth Court. *CRY* did not involve the question of the jurisdiction of the Commonwealth Court over claims by original defendants against additional defendants.

In the case at bar, the Department is the party plaintiff rather than a defendant, and there is no statutory conflict, because Section 761(b)of the Judicial Code grants concurrent jurisdiction to the court of common pleas where the action is by the Commonwealth government. Furthermore, even assuming there may be factual issues of state-wide impact, such issues can be resolved in the action by the Department against the original defendants.

In *Bucheit*, the Supreme Court cited with approval the opinion of the Commonwealth Court, holding that the claim of Bucheit, original defendant, against Pittsburgh Des–Moines, additional defendant, was an ancillary matter and that Section 761(c) of the Judicial Code, grants original jurisdiction to the Commonwealth Court over ancillary matters only when they are related to claims within the court's exclusive jurisdiction. We hold that neither Sections 507(a), 705, nor 1115 of the HSCA, nor Section 761(c) of the Judicial Code, grants jurisdiction to this Court over the claims of the original defendants against the additional defendants.

Both the plaintiff, Department, and the original defendant, APU, argue on policy grounds, that this Court should try all the claims of all parties in one proceeding in the interest of judicial economy. However, Section 508 of the HSCA, 35 P.S. § 6020.508, provides that this section shall be the exclusive method of challenging either the administrative record developed under Section 506 of the HSCA, or a decision of the Department based upon the administrative record. It further provides that a challenge to the selection and adequacy of a remedial action shall be limited to the administrative record developed and that for a challenge to liability

for the recovery of response costs, the record shall be limited to the administrative record developed under Section 506 of the HSCA, except that it may be supplemented with additional evidence supporting or refuting the Department's determination that a person is a responsible person under Section 701 of the HSCA, 35 P.S. § 6020.701. It also provides that the party challenging the Department's determination shall retain the burden of proving the Department's determination was arbitrary and capricious.

Section 508(d) of the HSCA, 35 P.S. § 6020.508(d) states that procedural errors in the development of the administrative record shall not be a basis for challenging a response action unless the errors were so serious and related to matters of such central relevance to the response action that the action would have been significantly changed had the errors not been made. The person asserting the significance of the procedural errors shall have the burden of proving that the action would have been significantly changed.

These provisions are applicable to persons named as defendants by the Department as persons responsible for the release of hazardous substances. They would not be applicable to additional defendants not sued by the Department as responsible persons. These provisions promote judicial economy, because they enable this Court to utilize the administrative record filed by the Department in disposing of pretrial motions, and in the trial of the case. They also implement the declaration of policy set forth in Section 102(5) and (6) of the HSCA, 35 P.S. § 6020.102(5) and (6), that:

> Traditional legal remedies have not proved adequate for preventing the release of hazardous substances.... It is necessary ... to provide new remedies to protect the citizens of this Commonwealth against the release of hazardous substances.... Traditional methods of administrative and judicial review have interfered with responses to the release of hazardous substances into the environment.

Additionally, one of the purposes of the HSCA is to "[p]rovide a flexible and effective means to implement and enforce the provisions of this act." Section 102(12)(vii) of the HSCA, 35 P.S. § 6020.102(12)(vii).

The claims of the original defendants against the additional defendants will have to be tried without the benefit of the administrative record of the Department and the Environmental Protection Agency, in accordance with the traditional procedure set forth in Pa.R.C.P. No. 2252, granting any defendant or additional defendant the right to join any person whether or not a party to the suit, who may be solely, jointly or severally liable over on any cause of action arising out of the occurrences or series of occurrences upon which the plaintiff's cause of action is based.

This surely raises the spectre alluded to in *Bucheit* "of the Commonwealth awaiting final judgment in a case where its own right to recovery has been established, while numerous general contractor and subcontractor defendants and additional defendants seek to shift ultimate responsibility among themselves." *Id.* at 8, 483 A.2d at 851. The Department claims the Commonwealth will not be required to wait for final judgment while the original and additional defendants determine their respective liabilities because the original defendants are strictly liable, jointly and severally, for response costs. But the procedural history of this case belies such contention.

The Department filed its complaint for reimbursement of response costs in October, 1995. Beginning in January, 1996, for several months, APU, one of the original defendants, filed praecipes to join six additional defendants. In October, 1996, Conrail ruled APU to file its complaint, which was done on November 6, 1996, followed by a first amended complaint on November 18, and a second amended complaint on December 16, 1996. Conrail then filed preliminary objections to the second amended complaint of APU, as well as preliminary objections to the new matter of the Redevelopment Authority, and the new matter and cross-claims of Union Tank. Penn Electric has also filed preliminary objections to APU's second amended complaint, which were all scheduled for argument in February, 1997. In the interim, beginning in July, 1996, the plaintiff, Depart-

ment, has filed quarterly status reports saying it has continued to discuss settlement, that the parties have agreed that no discovery will proceed between the plaintiff and the original defendants, but that discovery may proceed among the original and additional defendants. But at the time of argument on the issue of this Court's jurisdiction of the claims of the original defendants against the additional defendants, on February 5, 1997, no such discovery had yet occurred. More than one year after the filing of Department's complaint, this case is still in the pleading stage, and no discovery is taking place. Much of this delay has been occasioned by the attempt of the original defendants to join additional defendants.

The record in this case should be compared with the record in the *Bryner* cases, *Department of Environmental Resources v. Bryner*, 149 Pa.Cmwlth. 59, 613 A.2d 43 (1992) (*Bryner I* ) and 161 Pa.Cmwlth. 1, 636 A.2d 227 (1993) (*Bryner II* ), where the action was between only the Department and the original defendants. In *Bryner I,* this Court held on the basis of the pleadings, affidavits, depositions and the administrative record of the Department, that the Department was entitled to summary judgment on the issue of liability against all of the four defendants, concluding, inter alia, that the third party defense was not valid because the administrative record showed that the defendants had contributed to the release of hazardous substances. In *Bryner II,* this Court ruled that our review would be limited to a review of the administrative record and that the scope of review would be whether the Department had acted in an arbitrary and capricious manner. After such review this Court concluded that the Department was not required to prepare a preliminary allocation of proportionate responsibility before undertaking an interim response action, that the Department had not acted in an arbitrary and capricious manner, and granted the Department's motion for the award of response costs.

This Court finds that the policy arguments advanced by the Department and by APU are not persuasive and that this Court does not have jurisdiction of the claims of the

original defendants against the additional defendants nor of the claims between the original and additional defendants. However, in accordance with the holding in *Bucheit,* these claims are not dismissed but are transferred to the Court of Common Pleas of Blair County.

### ORDER

NOW, this 20th day of February, 1997, the claims in this matter of the original defendants, American Premier Underwriters, the Altoona City Authority, and the City of Altoona against the additional defendants, Conrail Rail Corporation, Union Tank Car Company, Pennsylvania Electric Company, the Redevelopment Authority of Altoona, and Simon Resources, Inc. and the claims in this matter between or among the original and additional defendants are transferred to the Court of Common Pleas of Blair County.

This Court retains jurisdiction of the claims of the Commonwealth of Pennsylvania, Department of Environmental Protection against the Altoona City Authority, the City of Altoona and American Premier Underwriters.