544 A.2d 1109

Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* Allen Soffer, O. D., Respondent.

Argued April 21, 1988, before Judges MacPhail and Smith, and Senior Judge Barbieri, sitting as a panel of three.

*Bruce G. Baron,* Assistant Counsel, for petitioner.

*Michael P. Gottlieb,* with him, *Paul C. Vangrossi,* for respondent.

OPINION BY JUDGE MACPHAIL, July 27, 1988:

In this appeal, the Department of Public Welfare (DPW) contends, for various reasons, that the Board of Claims (Board) erred when it awarded Dr. Allen Soffer the sum of $13,651.00 together with interest as reimbursement for services rendered to qualified participants in the Pennsylvania Medical Assistance Program.

Dr. Soffer is an optometrist who executed an outpatient provider agreement with DPW in December of 1979. Thereafter, invoices were submitted to DPW by his office. Many were rejected for various reasons and they are at issue here. The record indicates that many efforts were made by Dr. Soffer's office to ascertain from DPW why the invoices were rejected and how they might be correctly resubmitted. These efforts culminated in a visit by representatives from DPW to the doctor's office on November 3, 1981 for the purpose of educating his staff on proper billing procedures.

It is provided in 55 Pa. Code §1101.68 that invoices submitted to DPW after 180 days will be rejected unless certain exceptions, which are not in evidence here, apply. On December 26, 1980, Medical Assistance Bulletin No. 99-80-15 was issued by DPW. That bulletin provided that rejected invoices could be resubmitted within 180 days of the date of rejection.[1] DPW refused

---

[1] This bulletin was subsequently replaced with No. 99-83-05 which substantially modified the provisions of No. 99-80-15.

to pay the invoices at issue here because they were beyond the 180-day limitation for resubmission.

Dr. Soffer filed his claim with the Board on July 12, 1982. DPW filed an answer with new matter alleging that Dr. Soffer's claim accrued on or before November 3, 1981 and that, since it was filed more than six months beyond that date, the Board lacked jurisdiction. Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-6. DPW also contended before the Board and argues here as well that the claim is barred because the Board has no jurisdiction over disputes of this nature; rather, DPW argues that Dr. Soffer should have pursued his claim before DPW as a statutory appeal.

In its findings of fact, the Board stated that the doctor's claim accrued on November 3, 1981, but the Board also concluded as a matter of law that DPW was estopped from raising the bar of the six-month statute of limitations. The Board found that representatives of DPW misled and misrepresented to the doctor's billing personnel that disputed invoices could be resubmitted after proper instruction from DPW was given. The Board's opinion stated that these misrepresentations were relied upon by the doctor to his detriment. Since there was no dispute that the services were rendered and the amount due was stipulated, the Board awarded the doctor the full amount of his claim.

In *Governor's Energy Council v. American Energy Services, Inc.,* 90 Pa. Commonwealth Ct. 168, 172, 494 A.2d 72, 74 (1985), *appeal dismissed,* 515 Pa. 151, 527 A.2d 531 (1987), we stated:

> Equitable estoppel is a doctrine founded upon consideration of fairness in the circumstances of the case; it arises when a party, by acts or representations intentionally or through culpable negligence, induces another to believe that certain facts exist and to rely and act on such belief,

> so that the actor will be prejudiced if the inducing party is permitted to deny the existence of such facts.

(Citation omitted.) Therefore, we agree with the Board that where, as here, the record evidences that DPW advised the doctor to withhold resubmissions and then, refused to pay because the resubmissions were untimely, DPW is estopped from asserting the bar of the statute of limitations. We are satisfied that DPW's actions extended the time within which the doctor could file his claim.

Where we have a problem, however, is in the Board's not having determined when it was that DPW finally told Dr. Soffer that he could *not* resubmit his claims because they were beyond the 180-day time limitation. Even though DPW could be estopped from raising the statute of limitations by reason of its earlier misrepresentations, once it made clear to Dr. Soffer that it would *not* pay the claims, the effect of the misrepresentation was eliminated and the six-month period for filing a claim would then have been triggered. The record is clear that DPW *did* tell the doctor's billing clerk *at some point in time* that there was nothing that could be done with rejected invoices which had not been resubmitted within 180 days. Notes of Testimony at .54, Reproduced Record at 55a. Because we are unable to ascertain from the record and because the Board made no finding as to when that point in time was, we must remand to the Board for a further hearing, if necessary, to determine at what point Dr. Soffer was finally made aware that his invoices would not be paid because they were not resubmitted in a timely manner.

Concerning DPW's argument that the Board lacks subject matter jurisdiction of this claim, we reject its contention that our prior decision in *Department of Public Welfare v. Divine Providence Hospital*, 101 Pa.

Commonwealth Ct. 248, 516 A.2d 82 (1986), *petition for allowance of appeal granted* August 10, 1987 at 45 M.D. Appeal Docket 1987, should be overruled.

We also reject DPW's contention that this case should be viewed as an exception to our holding in *Divine Providence Hospital*. DPW categorizes the claim now under review as simply a matter of payment resolution between the parties which, of necessity, violates federal and state law by identifying the recipients of DPW medical assistance benefits serviced by Dr. Soffer. We do not treat this charge lightly. The names of patients and amounts of charges on Dr. Soffer's invoices are listed in an exhibit attached to the claim. This disclosure is in violation of law. On the other hand, our practice in Pennsylvania is such that a contract claim must be specific. Had the doctor merely pled the total amount allegedly due him without an itemization of how those charges were compiled, his claim would be subject to attack for not being specific.

We believe this problem can easily be overcome in the future, by referring to disputed invoices by number only. In the instant case, the patients are listed by surname and first initial. Since DPW does not dispute that the services were rendered and that the charges were correct, the names of those treated will appear nowhere except as an exhibit attached to the claim, which, we might note, DPW easily could have had removed by a motion to strike as impertinent material. Pa. R.C.P. No. 1017(b)(2). In any event, we do not believe that subject matter jurisdiction should be decided by a collateral issue of this nature.

We will vacate and remand for the sole purpose of having the Board determine when Dr. Soffer was advised that DPW would not pay the invoices attached to his claim because the time had expired for their resubmission.

ORDER

The order of the Board of Claims in the above-captioned matter is vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.