563 A.2d 1297

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Petitioner,**

**v.**

**Lawrence O. SMITH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Sept. 13, 1989.

───────────

Eileen S. Maunus, Asst. Counsel, with her, Cheryl G. Young, Chief Counsel, Harrisburg, for petitioner.

Rhonda K. Kiser, with her, John D. Killian, Killian & Gephart, Harrisburg, for respondent.

Before CRAIG, DOYLE and PALLADINO, JJ.

PALLADINO, Judge.

The Pennsylvania Liquor Control Board (PLCB) petitions for our review of an order of the Board of Claims (Board) awarding Lawrence O. Smith (Smith) ninety-nine dollars and fifty cents ($99.50).

Smith is employed by PLCB as a manager. On March 14, 1986, while on duty at the store, Smith collected a one hundred dollar deposit from one of the store's clerks. In accordance with proper procedures, Smith verified and recorded the amount of the deposit. He then placed the money in deposit strap number 22, signed the strap, and dropped it in the safe. On the following day, the deposits for March 14, 1986 were picked up by an employee of Federal Express, an armored car service, and taken to First Pennsylvania Bank (Bank). Subsequently, Bank notified PLCB that strap number 22 was not among the straps at the bank.

Upon notification from Bank, the audit division of PLCB initiated an investigation. The audit division determined that Smith, as the manager in charge, was responsible for the cash shortage which resulted from the missing strap. It is undisputed that on April 7, 1986, Smith was told by a representative of the audit division that the sum of ninety-nine dollars and fifty cents (one hundred dollars minus a fifty cent per day loss allowance) would be deducted from his paycheck. Shortly thereafter, the money was deducted from his pay over four pay periods.

On June 19, 1987, Smith filed a petition for claim with the Board to secure the return of the ninety-nine dollars and fifty cents which had been deducted from his pay. PLCB filed preliminary objections alleging that Smith's claim was not timely filed. The Board overruled the preliminary objections and subsequently awarded Smith ninety-nine dollars and fifty cents plus interest. PLCB appeals.

On appeal, PLCB argues that: (1) the claim was untimely filed with the Board, and (2) PLCB acted pursuant to valid regulations when it deducted money from Smith's paycheck.

■ Initially, PLCB contends that the Board did not have jurisdiction to hear this claim. Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651-6 provides, in pertinent part: "The [B]oard shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued." A claim accrues when an injured party is first able to litigate the claim, e.g. when the amount due under the claim is known and a concise written statement detailing the injury could be prepared. *Department of Community Affairs v. Craftech International, Ltd.,* 72 Pa.Commonwealth Ct. 162, 456 A.2d 247 (1983).

■ In the case at hand, ninety-nine dollars and fifty cents was deducted from Smith's pay shortly after April 7, 1986. At the time the money was deducted, Smith had all of the necessary information to file a claim. Consequently, this claim, filed on June 19, 1987, was not timely filed because it was not filed within six months of the deductions from Smith's pay.

■ Smith contends that, because he filed a grievance pursuant to a Memorandum of Understanding between the Independent State Store Union and PLCB, the cause of action did not accrue until the grievance was denied on May 13, 1987. Regardless of whether Smith filed a grievance, he was not relieved of the statutory obligation in 72 P.S. § 4651-6 to file his claim within six months of its accrual. Grievances filed pursuant to a Memorandum of Understanding and claims filed with the Board of Claims are separate and unrelated remedies. Smith could have filed the grievance and the claim simultaneously. Consequently, we conclude that the voluntary submission of this dispute to the grievance procedures did not extend the limitation period for filing this claim.[1]

Accordingly, the order of the Board is reversed.

1. Because we conclude that this claim was untimely filed, we need not address the other arguments raised by PLCB.

## ORDER

AND NOW, September 13, 1989, the order of the Board of Claims in the above captioned matter is reversed.