624 A.2d 262

**DEL–CAR AUTOMOTIVE, LTD. and Richard J. Orner, t/a Del–Car Automotive, Petitioners**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1993.

Decided April 2, 1993.

536

Barry W. Van Rensler, for petitioners.

Joanna N. Reynolds, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and WRIGHT, Senior Judge.

PALLADINO, Judge.

Del–Car Automotive, Ltd. and Richard J. Orner, trading as Del–Car Automotive, (collectively, Del–Car) appeal from an order of the Board of Claims (Board) which dismissed its claim against the Pennsylvania State Police (PSP) for failure to file the claim within the six-month statute of limitations period.[1]  We affirm.

1. Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651–6.

Beginning in 1980, PSP requested Del–Car, a licensed salvor, to tow and store certain motor vehicles and motor vehicle parts which were seized by PSP. No agreement with respect to payment for Del–Car's services was ever made between Del–Car and any member of PSP.[2] Moreover, PSP did not pay Del–Car on any occasion for the towing and storage of non-Commonwealth vehicles or vehicle parts, nor did Del–Car ever request payment from PSP for these costs prior to September 22, 1982.

By letter, dated September 22, 1982, Del–Car's counsel notified PSP of Del–Car's demand for payment of certain towing and storage charges. Joseph S. Rengert, Assistant Counsel for PSP, responded in writing on October 28, 1982. In a letter addressed to Del–Car's counsel, Mr. Rengert advised Del–Car that the Commonwealth was not responsible for the charges outlined in counsel's letter and that Del–Car would not be paid by PSP.

On May 22, 1987, Del–Car filed with the Board a claim petition requesting payment for towing and storage charges. With the exception of one item, these charges related to the towing and storage of the same property for which Del–Car requested payment in its September 22, 1982 letter.[3] The Board dismissed Del–Car's claim for failing to file it within the prescribed limitations period.

On appeal to this court,[4] Del–Car presents two issues: 1) whether the Board erred in concluding that Del–Car's claim

2. PSP did not have, and continues not to have, a policy in place for paying salvors for charges associated with the towing and storage of non-Commonwealth vehicles or parts. Instead, salvors generally look to either the owner of the property or the owner's insurance company for payment. In the event the owner is unknown, a salvor then utilizes the salvor process to recover the towing and storage costs.

3. Del–Car's claim petition did not contain one of the claims set forth in the September 22 letter.

4. Pursuant to our scope of review, we are required to affirm the order of the Board unless necessary findings of fact are unsupported by substantial evidence, an error of law was committed or constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Solar Construction Co., Inc. v. Department of General Services*, 105 Pa.Commonwealth Ct. 609, 525 A.2d 28 (1987).

accrued on October 28, 1982, when PSP notified Del–Car that its claim would not be paid; and 2) whether the Board erred in concluding that PSP was not estopped from asserting the statute of limitations as a defense.

■ With respect to the first issue, Del–Car asserts that the Board erred in concluding that its claim accrued on October 28, 1982. It is Del–Car's position that its claim did not accrue until November 28, 1986. On that date, a trial court issued an order directing that the final item of property, the towing and storage charges for which Del–Car now seeks payment, be returned to its rightful owner.[5]

In support of its position, Del–Car cites to the applicable statute of limitations. The statute provides, in pertinent part, that the Board "shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued." 72 P.S. § 4651–6. In interpreting this section, this court has deemed a cause of action to accrue when the injured party is first able to litigate a claim, *e.g.,* when the amount due under the claim is known and the claimant is capable of preparing a concise and specific written statement detailing the injury. *Pennsylvania Liquor Control Board v. Smith,* 128 Pa.Commonwealth Ct. 524, 563 A.2d 1297 (1989). Del–Car asserts that until the final item of property was released by court order, the amount of its claim was not ascertainable. Therefore, it was impossible to prepare, before November 28, 1986, a concise and specific written statement detailing its injury. We disagree.

The record indicates that Del–Car was aware of the amount of its claim against PSP as early as September 22, 1982. On that date, Del–Car's counsel wrote to PSP demanding payment. The specific claims in counsel's letter are, with one

5. By order dated November 28, 1986, the Court of Common Pleas of Delaware County directed the return of a John Deere tractor to its rightful owner, John V. Curro. *Curro v. Commonwealth* (No. A–37 of 1982, filed November 28, 1986). The other property towed and stored by Del–Car for which Del–Car now seeks payment was removed from Del–Car's place of business prior to November 28, 1986. The circumstances surrounding its removal are of no importance here.

exception, the same claims which were contained in the petition filed with the Board on May 22, 1987. The only difference is that the amount of the 1987 claim is significantly higher, presumably due to the mounting costs of storing the property over the years following the 1982 claim. Although Del–Car suggests that by storing the last item of property until November 28, 1986 the statute of limitations was somehow tolled, we cannot agree.[6]

This court has consistently held that the statute of limitations runs from the time a claimant is affirmatively notified that he will not be paid by the Commonwealth. *Department of Public Welfare v. Ziegler,* 117 Pa.Commonwealth Ct. 79, 542 A.2d 226 (1988); *Department of Revenue, Bureau of State Lotteries v. Irwin,* 82 Pa.Commonwealth Ct. 266, 475 A.2d 902 (1984). In such cases, we have required that the denial of the claim be unequivocal. *Department of Public Welfare v. Town Court Nursing Centers, Inc.,* 97 Pa.Commonwealth Ct. 380, 509 A.2d 950 (1986).

In the instant case, the record reveals that PSP affirmatively notified Del–Car on October 28, 1982 that the Commonwealth was not responsible for the charges associated with the towing and storage of non-Commonwealth property. Specifically, the relevant portions of this letter read as follows:

Please be advised that the circumstances surrounding the towing and storage charges referenced in your letter have been investigated and on the basis thereof it is our position that the State are [sic] not responsible for any towing or storage charges referred to in your letter.

The payment of the towing and storage charges is the responsibility of the owner if known or could be provided for out of the proceeds of a public sale held in accord with established procedures.

6. We also reject Del–Car's argument that while Mr. Orner was under criminal investigation, and eventually incarcerated, in the early 1980's, thus placing him under PSP's direct and indirect control, Mr. Orner could not be expected to pursue civil recovery against PSP because such action would not have been prudent.

We agree with the Board that this letter notified Del–Car in no uncertain terms that its towing and storage charges would not be paid. Having found PSP's denial of Del–Car's claim to be unequivocal, we conclude that the statute of limitations began to run on that date. As such, Del–Car's filing of its claim with the Board on May 22, 1987 was beyond the limitations period.

■ With respect to the second issue, Pennsylvania courts have held that in certain instances the Commonwealth may be estopped, by its conduct, from arguing the statute of limitations. *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979). In *UEC,* our Supreme Court noted, "[i]f through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of limitation of action. (citations omitted)." *Id.* at 512, 397 A.2d at 784.

In the instant case, Del–Car asserts that the aggregate of PSP's conduct was sufficient to invoke estoppel. Specifically, Del–Car cites alleged discussions with PSP regarding the existence of a fund from which Del–Car would be compensated; PSP's institution of a legal action to prevent Del–Car from disposing of certain property and thus forcing Del–Car to continue its storage for an additional two years;[7] and alleged conversations with PSP in which PSP indicated a willingness to resolve all outstanding claims for towing and storage fees.

We are satisfied, however, that this is not a situation where PSP intentionally misled Del–Car or misrepresented the status of its claim. In fact, the record is replete with testimony from officers of PSP that no representations were ever made that PSP would compensate Del–Car for its services. As

7. The property to which Del–Car refers is the John Deere tractor which was returned to its rightful owner by court order dated November 28, 1986. The extended retention of this property, however, was not PSP's fault but rather was the result of delays in the trial court's disposition of the matter. Moreover, by its October 22, 1982 letter, PSP already had unequivocally denied Del–Car's claim for payment of towing and storage charges associated with the tractor as well as the other subject property.

early as 1982, PSP denied responsibility for payment of the subject towing and storage charges. We find that there simply was nothing in PSP's conduct to suggest the "fraud or concealment" necessary to support the application of the doctrine of estoppel as this court previously has required under other circumstances. *See Department of Public Welfare v. Soffer*, 118 Pa.Commonwealth Ct. 180, 544 A.2d 1109 (1988); *Department of Community Affairs v. Craftech International, Ltd.*, 72 Pa.Commonwealth Ct. 162, 456 A.2d 247 (1983).[8] Therefore, we agree with the Board that PSP was not estopped from asserting the statute of limitations as a defense.

Based on the foregoing analysis, we conclude that the Board properly dismissed Del–Car's claim. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, April 2, 1993, the order of the Board of Claims in the above-captioned matter is affirmed.

---

**8.** We also must reject Del–Car's suggestion that PSP's criminal indictment of Mr. Orner affects in any way the issue of estoppel.