**TOWER ASSOCIATES, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF GENERAL SERVICES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1996.

Decided Jan. 24, 1997.

---

John F. King, Harrisburg, for petitioner.

Jose E. Morales, Harrisburg, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Tower Associates (Tower) appeals from the order of the Board of Claims (Board) which awarded against Appellant/Plaintiff Tower on three contract claims, and awarded $16,571.23 and $10,162.14 plus interest to Defendant/Appellee Department of General Services (DGS) on two counterclaims. We affirm.

Tower leased commercial office space to DGS in its building located at 301 Chestnut Street in Harrisburg, Pennsylvania for use by the Department of Environmental Protection,[1] Department of Commerce, and the Office of Attorney General, Medicaid Fraud Control Section as their offices (Tenants). DGS and Tower executed a separate lease for each tenant. After the Tenants experienced various habitability problems including malfunctioning heating and air conditioning (HVAC), cockroach infestations, and leaking windows and roof, DGS complained to Tower. DGS was not satisfied with Tower's response and eventually withheld rent on all three contracts.

Tower filed three separate actions against DGS to recover the rent. DGS filed Answers with New Matter and two Counterclaims for materials, equipment and manpower costs resulting from water damage associated with two floods caused by the general untenantable condition of the premises. Tower objected at trial to all testimony regarding DGS's counterclaims alleging that the Board lacked jurisdiction under what is commonly known as the Board of Claims Act (Act), Sections 1–10 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–1— § 4651–10, to hear testimony or

---

1. Then Department of Environmental Resources.

make any ruling regarding a counterclaim brought by the Commonwealth. The Board held against Tower on its three contract actions. The Board also overruled Tower's objections to jurisdiction and awarded an affirmative recovery to DGS on both of its counterclaims. Tower appeals the award of the counterclaim on the limited basis that the Board is without jurisdiction to award affirmative recovery to the Commonwealth on its counterclaim.[2] We disagree.

In over half a century of Board service, no appellate court has decided a direct challenge to the authority of the Board to grant an order for an affirmative recovery on a Commonwealth counterclaim, so this comes before us as a case of first impression. We must begin by looking to the language of the enabling statute itself. Of particular interest to the Court in our analysis are specific provisions contained in Sections 1, 4, and 6 of the Act, 72 P.S. §§ 4651–1, 4651–4, and 4651–6 as follows:

### § 4651–1. Board of Claims; creation

There is hereby created an independent administrative board known as the Board of Claims, the duty of which shall be to arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth, and to adjust and settle certain other claims against the Commonwealth formerly handled by the Auditor General and State Treasurer acting as the Board of Claims....

\*   \*   \*   \*   \*   \*

### § 4651–4. Powers of board

The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more....

\*   \*   \*   \*   \*   \*

### § 4651–6. Procedure

\*   \*   \*   \*   \*   \*

The board [of arbitration] shall have *power to order* the interpleader or impleader of other parties whenever necessary for a complete determination of any claim or *counterclaim*. (Emphasis added.)

Tower does not dispute that the Act authorizes the Board to entertain counterclaims by the Commonwealth, but argues that this jurisdiction is limited to counterclaims in set-off or recoupment. It reasons that permitting an affirmative recovery for the Commonwealth on its counterclaim in this case would be tantamount to granting jurisdiction in the Board to hear the original claims of the Commonwealth without statutory authority and in direct conflict with the exclusive jurisdiction of the Commonwealth Court to adjudicate such claims.[3] We do not agree.

This Court has never questioned the authority of the Board to adjudicate a Commonwealth counterclaim of any value which arises out of the same underlying transaction. Tower argues that the Supreme Court's interpretation of enabling legislation in *Pennsylvania Liquor Control Board v. Rapistan, Inc.*, 472 Pa. 36, 371 A.2d 178 (1976), holds otherwise. Tower argues that *Rapistan* is authority for the proposition that the enabling legislation under 42 Pa.C.S. § 761 is more encompassing than the statuto-

---

**2.** Our scope of review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights were violated. 2 Pa.C.S. § 704; *Del–Car Automotive, Ltd. v. Pennsylvania State Police*, 154 Pa.Cmwlth. 535, 624 A.2d 262 (1993).

**3.** The original jurisdiction of the Commonwealth Court is set forth in Section 761 of the Judicial Code and provides:

(a) *General Rule.*—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

  \*   \*   \*   \*   \*   \*

(iii) actions on claims in which immunity has been waived pursuant to Chapter 85 (relating to matters affecting government units) or the act of May 20, 1937 (P.L. 728, No. 193) referred to as the Board of Claims Act;

  \*   \*   \*   \*   \*   \*

(2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.

42 Pa.C.S. § 761 (in pertinent part).

ry authority given at Section 6 of the Act, 72 P.S. § 4651, and speaks against the broad interpretation given Section 6 by the trial court. Tower further argues that because the Commonwealth cannot be "compelled" to bring its claim before the Board pursuant to the original jurisdiction of this Court, it follows that Tower cannot be "compelled" to defend against such an action.

Tower clearly misreads *Rapistan*, which simply stood for the proposition that both the Commonwealth Court and the Board have concurrent jurisdiction over a Commonwealth claim for an affirmative recovery arising out of the same transaction in a cause of action brought against the Commonwealth and could therefore be brought either as a counterclaim before the Board or as a direct claim before the Commonwealth Court. *Id.* The Pennsylvania Supreme Court did not foreclose the Commonwealth's discretion to pursue their action as a counterclaim before the Board then, and we will not do so now.

In *Rapistan*, a private party sought to force the Commonwealth to adjudicate its much larger claim as a counterclaim before the Board[4] on the theory that once a party had brought suit against the Commonwealth before the Board, the statutory language "claims against the Commonwealth arising out of contracts," contained in Section 4 of the Act, 72 P.S. § 4651-4, placed exclusive jurisdiction over the Commonwealth's claim in the Board as a counterclaim. The Pennsylvania Supreme Court did not agree. It reasoned that the Commonwealth had original jurisdiction of all civil actions or proceedings by the Commonwealth except proceedings under the Eminent Domain Code[5] and, although the Board's jurisdiction is limited to claims *against* the Commonwealth by the express language of the statute, one provision of the Act indicates a legislative intent that the Board may adjudicate counterclaims. The Court held, however, that such legislative authority does not divest the Commonwealth Court of its original jurisdiction over

the claim, and the Commonwealth is free to pursue its suit in either jurisdiction it chooses.

Although it addressed the issue of the Commonwealth Court's jurisdiction over counterclaims in contract actions, the Pennsylvania Supreme Court's decision in *Department of General Services v. Frank Briscoe Co.,* 502 Pa. 449, 466 A.2d 1336 (1983), lends valuable guidance in this case as well. Chief Justice Roberts reasoned for the majority:

> This Court has previously held that in a suit initiated by the Commonwealth, the party sued may assert a claim derived from the same transaction as a basis for recoupment, even though the claim could not have been commenced as an original matter in the Board of Claims. *See Commonwealth v. Berks County,* 364 Pa. 447, 72 A.2d 129 (1950). Surely if the Commonwealth Court has jurisdiction to hear a counterclaim for purposes of recoupment, a claim which will, if successful, reduce or even nullify entirely a judgment for the Commonwealth, there is no sound jurisprudential or policy reason why the Commonwealth Court should be unable to utilize the same trial to grant an affirmative recovery. Indeed, as noted by both Briscoe and the Department, who have joined in urging this Court to hold that Briscoe's counterclaim is within the Commonwealth Court's jurisdiction, judicial economy is advanced by allowing the parties to obtain a comprehensive disposition of the litigation of one proceeding.

> The result we reach is consistent with article I, section 11 of the Pennsylvania Constitution, which provides that "[s]uits may be brought against the Commonwealth in such manner in such courts and in such cases as the Legislature may by law direct," and with Act 152 of 1978, Act of September 28, 1978, P.L. 788, §.1 which provides that suits against the Commonwealth are to be brought "only in such manner and in such courts and in such

---

4. Then called the Board of Arbitration.

5. Pursuant to Section 401 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, *formerly* 17 P.S. § 211.401, repealed by Section 2 of the Judiciary Act Repealer Act, Act of April 28,

1978, P.L. 202, 42 P.S. § 20002(a)[1443]. A similar provision is now found in Section 761(a)(1)(ii) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(ii).

cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise authorized by statute." It is undisputed that Briscoe may bring suit against the Commonwealth for damages flowing from an alleged breach of contract. See Act of May 20, 1937, P.L. 728, 72 P.S. § 4651–1 et seq. (Supp.1983–84.) If Briscoe were to initiate such a suit, that suit would have to be brought in the Board of Claims. We hold only that where, as here, the Commonwealth has initiated suit in the Commonwealth Court, the Commonwealth Court's statutory jurisdiction over "civil actions or proceedings" includes jurisdiction to decide counterclaims which arise from the same underlying transaction.

*Id.*, 466 A.2d at 1339–40.

In the Act before us, the Legislature has made its intent abundantly clear when it included Section 6 powers in the Act. It directed in plain and unambiguous language that "[t]he Board shall have power to order the interpleader or impleader of other parties whenever necessary for complete determination of any claim or counterclaim." The Legislature was familiar with the legal term counterclaim and its interpretation under Rule 1510 of the Pennsylvania Rules of Civil Procedure and would not have granted such specific power in the Board unless it intended to confer the necessary jurisdiction to carry it out.[6]

■ As a matter of judicial economy, we can find no sound jurisprudential or policy reason why the Board should be unable to utilize the same trial to grant an affirmative recovery. We therefore adopt the Supreme Court's reasoning in *Briscoe* and hold that the Board's "exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contract hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more" granted in Section 4 of the Act, 72 P.S. § 4651–4, includes jurisdiction

over counterclaims at law which arise from the same underlying transaction.

■ Consistent with the Pennsylvania Supreme Court's decision in *Rapistan,* we further conclude that the jurisdiction of the Board to adjudicate this counterclaim is concurrent with that of the Commonwealth Court to hear the matter as a direct claim pursuant to its original jurisdiction.[7]

The Commonwealth was free to file its claim in the Commonwealth Court had it preferred to do so. Having chosen, instead, to raise its action before the Board, we hold that the Board acted within its jurisdiction in awarding an affirmative recovery to DGS on its counterclaim.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of January, 1997, the order of the Board of Claims in the above-captioned matter is hereby affirmed.

---

**6.** The Pennsylvania Supreme Court has recognized a policy in favor of allowing the parties to bring all claims arising out of the same transaction or series of transactions in a single action. *Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* 473 Pa. 299, 374 A.2d 526 (1977); *see also* Pa. R.C.P. No. 1510.

