**OSRAM SYLVANIA PRODUCTS, INC., Appellant,**

v.

**COMSUP COMMODITIES, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 9, 2003.

Filed Feb. 18, 2004.

Nicholas M. Centrella, Philadelphia, for appellant.

David R. Fine, Harrisburg, for appellee.

Before: KLEIN, BENDER and OLSZEWSKI, JJ.

KLEIN, J.

¶ 1 OSRAM Sylvania Products, Inc. appeals from the order of the Court of Com-

mon Pleas of Bradford County, dismissing a declaratory judgment action. The underlying issue in this case is Comsup Commodities, Inc.'s claim that OSRAM reneged on an oral agreement to purchase approximately $13 million worth of tungsten from Comsup. OSRAM denies there was any oral contract and further claims that even if there were an oral contract, it is unenforceable. Initially, Comsup filed an action in California state court against OSRAM for breach of contract. One month later, OSRAM filed the instant action in Bradford County, Pennsylvania, seeking a declaration that no contract exists between OSRAM and Comsup or, in the alternative, that any oral contract is barred by the statute of frauds. The California court found that it had personal jurisdiction but stayed its action under the doctrine of *forum non conveniens* on the condition that OSRAM submit to jurisdiction in Pennsylvania.

¶ 2 In dismissing the Bradford County action, the trial judge, John C. Mott, relied on alternate grounds and declined to exercise jurisdiction over the declaratory judgment action. First, Judge Mott held that he should not entertain a declaratory judgment action because another action is pending in California in which the same issues may be adequately adjudicated. Second (and the reason on which we base our affirmance), he found that the relief sought was, in effect, a declaration that OSRAM had a valid defense to the California contract action. We affirm.

■■■ ¶ 3 A declaratory judgment is not obtainable as a matter of right. Whether a trial court should exercise jurisdiction over a declaratory judgment action is a matter of sound judicial discretion.

*American Nuclear Insurers v. Metro. Edison Co.*, 399 Pa.Super. 375, 582 A.2d 390, 393 (1990); *see* 42 Pa.C.S.A. § 7537. Judge Mott found that OSRAM's filing of the declaratory judgment action in Bradford County was merely a tactical maneuver designed to test the validity of a defense to a future lawsuit and to deprive Comsup of its choice of forum. Therefore, he declined to exercise jurisdiction. We find no abuse of discretion.[1]

■■ ¶ 4 We agree with the following statement of Judge Mott:

> We should also decline jurisdiction because it appears that [OSRAM] filed this action and its motion in the California Action, as tactical maneuvers designed to force Comsup to litigate any claim not just in Pennsylvania, but here in Bradford County, and thereby circumvent Pennsylvania law that normally allows the Plaintiff the choice of forum.
>
> Furthermore, declaratory relief should be withheld when the request for relief is an attempt to adjudicate the validity of a defense to a potential future lawsuit. *Com., Dept. of General Services v. Frank Briscoe Company, Inc.*, 502 Pa. 449, 459, 466 A.2d 1336, 1341 (1983). That, in essence, is what [OSRAM] is seeking here. The fact that it did so after a law suit had been initiated in another state, rather than solving that problem, further aggravates the problem, as we have discussed above. In addition, if the California Action is dismissed, [OSRAM]'s action here would be seeking to accomplish exactly what *Com. Dept. of General Services v. Frank Briscoe Company, Inc., supra,* specifically cautions courts to avoid.

1. Our scope of review in a declaratory judgment action is limited to determining whether the trial court committed an abuse of discretion or error of law. *Chambers v. Aetna Cas.*

*& Surety Co.*, 442 Pa.Super. 155, 658 A.2d 1346, 1347 (1995); *American Nuclear Insurers, supra.*

Therefore, we decline to exercise jurisdiction over this action. [OSRAM] should simply raise its defense in the California Action, or, if that action is dismissed, it should raise it when *and if,* Comsup sues it on the alleged contract in a court with appropriate jurisdiction and venue.

(Trial Court Op., 1/30/03, at 4–5.)

¶ 5 It very well may be that the California court was accurate in noting that California is an inconvenient forum and it is better that the action be heard in Pennsylvania. That is what happens when *forum non conveniens* is raised. However, the normal procedure is for the plaintiff to refile in a more convenient jurisdiction, not for the defendant to jump into court and pick its own venue by filing a declaratory judgment action, which is what OSRAM did here. In fact, once the Bradford County action was dismissed, Comsup did file an action against OSRAM in Pennsylvania, but in Philadelphia County.

█ ¶ 6 As Judge Mott recognized in his Pa.R.A.P.1925(a) opinion, Pennsylvania law clearly gives great weight to the plaintiff's choice of forum. *See Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 701 A.2d 156 (1997); *Humes v. Eckerd Corp.,* 807 A.2d 290 (Pa.Super.2002). Judge Mott found that "[OSRAM] was clearly attempting to tactically maneuver [Comsup] into litigating this matter not only in Pennsylvania, but in Bradford County, Pennsylvania, [OSRAM]'s choice of forum." (Trial Court Op., 3/25/03, at 2.) We agree that this was improper.

█ ¶ 7 Under the theory propounded by OSRAM, any time there is a contract dispute, the defendant could defeat the plaintiff's choice of forum by winning the race to the courthouse and filing a declaratory judgment action claiming that no contract existed or that the contract was somehow defective. This is not the purpose of a declaratory judgment action. The purpose of a declaratory judgment action " 'is to afford relief from uncertainty and insecurity with respect to legal rights, status and other relations.' " *Keystone Aerial Surveys, Inc. v. Pa. Prop. & Cas. Ins. Guar. Ass'n,* 777 A.2d 84, 88 (Pa.Super.2001) (citation omitted), *aff'd,* 574 Pa. 147, 829 A.2d 297 (2003); *see* 42 Pa.C.S.A. § 7541. It is not meant to be a vehicle by which a defendant may usurp the plaintiff's right to select jurisdiction.

¶ 8 Here, OSRAM was not actually seeking clarification with respect to its legal rights, status, or other legal relationships. As determined by Judge Mott, OSRAM was forum-shopping and trying to preempt Comsup's right to file a lawsuit. OSRAM placed before the Bradford County court the exact issues Comsup sought adjudicated, as the issue of breach necessarily involves the determination of the existence of a contract. OSRAM is no more entitled to do this *via* declaratory judgment than it is *via* the filing of any other duplicative lawsuit.

█ ¶ 9 The prime purpose of the Declaratory Judgment Act is to speedily determine issues that "would ... be delayed, to the possible injury of those interested if they were compelled to wait the ordinary course of judicial proceedings." *Grambo v. South Side Bank & Trust Co.,* 141 Pa.Super. 176, 14 A.2d 925, 927 (1940). The Act *never* set up a procedure where defendants could so easily bypass a plaintiff's chosen forum as attempted in this case.

¶ 10 A declaratory judgment proceeding is one in equity. It is true that no hard and fast rules should be established where a trial court automatically dismisses a declaratory judgment action just because it is commenced "in anticipation of litigation." Situations can easily be envisioned where a

declaratory judgment action that is commenced "in anticipation" of a future lawsuit serves the purposes of the Declaratory Judgment Act.

¶ 11 However, this is clearly not one of those situations. The parties have been in litigation over the supposed contract for more than two years; OSRAM never alleged that it was suffering a continuing harm that needed to be redressed quickly; OSRAM's declaratory judgment action only sought to adjudicate defenses it had to Comsup's original claims and, far from OSRAM commencing this declaratory judgment action "in anticipation" of future litigation, Comsup *had already commenced suit* against OSRAM before OS-RAM filed the declaratory judgment action.

▮ ¶ 12 It is within the trial court's discretion to determine whether a declaratory judgment action would assist in resolving the issues between the parties. *See American Nuclear Insurers, supra*; 42 Pa.C.S.A. § 7537. As Judge Mott pointed out, not only would a declaratory judgment action *not* solve the problem in this case, it would aggravate it. Therefore, Judge Mott properly dismissed the declaratory judgment action.[2]

¶ 13 Order affirmed.

---

**2.** We do not reach the issue of what effect the California lawsuit has on the propriety of a declaratory judgment action in general. Nor do we express any opinion on whether Philadelphia County is an appropriate forum within Pennsylvania. We note, however, that on December 18, 2003, the trial court in the Philadelphia action denied OSRAM's petition to transfer on the basis of *forum non conveniens*.