J-A19024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JACQUELINE RUPERT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS W. KING, III, ESQUIRE, DILLON MCCANDLESS KING COULTER & GRAHAM, LLP, JAY D. MARINSTEIN, ESQUIRE, AND FOX ROTHSCHILD, LLP | |
| Appellees | No. 1181 WDA 2014 |

Appeal from the Order Entered July 15, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): G.D. 13-020407

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 21, 2015**

Appellant Jacqueline Rupert appeals from the order entered in the Allegheny County Court of Common Pleas, which granted the preliminary objections of Thomas W. King, III, Esquire and Dillon McCandless King & Graham, LLP ("the King Appellees") and Jay D. Marinstein, Esquire and Fox Rothschild, LLP ("the Fox Appellees") (collectively "Appellees") and dismissed Appellant's complaint for failure to state a claim upon which relief may be granted.[1]   We reverse.

_____

[1] On July 15, 2014, the trial court granted King Appellees' preliminary objections and dismissed Appellant's complaint.  On July 21, 2014, the court also granted Fox Appellees' preliminary objections and stated that
*(Footnote Continued Next Page)*

The facts underlying this appeal are as follows. Appellant's husband was injured in an automobile accident on May 27, 2010. She retained the King Appellees to represent her and her husband. She was her husband's representative at this time and signed a contingent fee agreement with the law firm that gave it the right to receive 33.33% of any recovery obtained.

When Appellant's husband partially recovered, he did not want Appellant to be his representative. The King Appellees chose to continue representation of both parties and agreed to reduce their fee by 3.33% to fund Appellant's recovery for loss of consortium. Ultimately, the case settled for $19 million and Appellant received $632,700.00. Appellant contends the King Appellees had a conflict of interest in representing both her and her husband. This gave rise to her malpractice suit against them. The King Appellees retained the Fox Appellees to represent them in the malpractice suit.

This Court set forth the underlying history of this case in an opinion filed November 7, 2013:

> On November 16, 2011, [the King Appellees], received a letter from an Allegheny County attorney who represented [Appellant]. In the letter, [Appellant's] lawyer accused [the King] Appellees of committing malpractice in a personal injury action involving [Appellant] and her husband

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

Appellant's complaint "is dismissed in its entirely against [Fox Appellees] with prejudice."

Michael T. Rupert. On January 6, 2012, Appellees[2] instituted this action in declaratory judgment in Butler County. In their complaint, they alleged that, in the letter, [Appellant's] attorney indicated that she was going to seek to invalidate an agreement that she entered on November 4, 2010. That November 4, 2010 document was entitled a revised contingent fee agreement. In it, Appellees reduced their previously-entered contingent fee arrangement by [3.33%], and [Appellant] agreed that any proceeds of the personal injury action received by Michael would be considered his separate property and that her consortium claim was worth the amount of the fee reduction, *i.e.*, [3.33%] of any recovery in the personal injury action. In the present Butler County action, Appellees sought a declaration that the November 4, 2010 document was a valid, enforceable agreement.

On February 9, 2012, [Appellant] filed preliminary objections to the complaint. She alleged that there was no case or controversy in this litigation because she never took the position that the November 4, 2010 document was invalid. She averred that the present declaratory judgment action was a sham designed to deprive her of her chosen forum in which to litigate her malpractice action against Appellees.

On February 28, 2012, Appellees filed an amended complaint reiterating the identical allegations as those contained in the first complaint and seeking the same relief. Michael was added as a plaintiff in the amended complaint. [Appellant] renewed her preliminary objections. On May 3, 2012, [Appellant] filed a legal malpractice action against [the King] Appellees in the Court of Common Pleas of Allegheny County at GD 12-007664. On May 11, 2012, Appellees filed a motion seeking coordination of this action pursuant to Pa.R.C.P. Rule 213.1 and to stay proceedings that were instituted in the Allegheny County Court of Common Pleas by

_____

[2] The Fox Appellees represented the King Appellees throughout the litigation in the malpractice suit.

- 3 -

[Appellant]. They attached a copy of the Allegheny County complaint to the motion for coordination.

The trial court first ruled upon the outstanding preliminary objections to the amended complaint. On May 15, 2012, the trial court entered a memorandum opinion and order that granted [Appellant's] preliminary objections filed to the first amended complaint. It premised that grant on the fact that the complaint failed to set forth that there was an actual controversy. In the May 15, 2012 order, the first amended complaint was dismissed, but Appellees were accorded the right to file a second amended complaint.

On May 27, 2012, Appellees filed their second amended complaint again seeking a declaration as to the validity of documents executed by [Appellant] in connection with the personal injury case. The trial court in the present action then issued an order that stayed the Allegheny County proceedings. On August 13, 2012, Appellees filed an amended motion for coordination of action pursuant to Pa.R.C.P. 213.1. The parties filed briefs and argued their positions before the trial court on August 21, 2012. On September 25, 2012, the trial court entered an order granting coordination of the Allegheny County case with the present one:

1.) Coordination of the Butler County declaratory judgment action, at A.D. 12-10019, and the Allegheny County malpractice action, at G.D. 12-007664, is appropriate.

2.) Coordination of said actions to Butler County is appropriate.

3.) Pursuant to Pa.R.Civ.P. 213.1(d)(2), the lawsuit filed by [Appellant] in the Court of Common Pleas of Allegheny County, at G.D. 12-007664, is transferred to the Court of Common Pleas of Butler County.

Order of Court, 9/25/12.

***King v. Rupert***, 81 A.3d 912, 913-914 (Pa.Super.2013).

This Court vacated and remanded the trial court's decision and held that the declaratory judgment complaints were nullities for purposes of the coordination order and the trial court abused its discretion in finding coordination proper. This Court stated: "Appellees are free to pursue coordination in the Court of Common Pleas of Allegheny County." *Id.* at 921.[3]

On October 25, 2013, Appellant filed a complaint for abuse of process against all Appellees. On January 15, 2014, the Fox Appellees filed preliminary objections. On February 28, 2014, the King Appellees filed preliminary objections. On March 17, 2014, Appellant filed briefs in opposition to both preliminary objections.[4] On March 31, 2014, the Fox

---

[3] This Court also found the Appellees' declaratory judgment action was filed on an entirely false premise:

> A declaration was sought concerning the validity of an accord that [Appellant] never claimed was void… The present litigation was nothing more than a ploy designed to deprive [Appellant] of the benefit of her chosen forum in which to litigate her malpractice case. Consistent with the reasoning contained in [**VMB Enterprises, Inc. v. Beroc, Inc.**, 891 A.2d 749 (Pa.Super.2006)], we hold that the complaints filed herein are nullities for purposes of a coordination order.

*Rupert, supra* at 921.

[4] Although both of Appellees' preliminary objections were untimely filed, the trial court properly ruled on them because Appellant did not object to their timeliness. *See* **Hahnemann Med. Coll. & Hosp. of Philadelphia v. Hubbard**, 406 A.2d 1120, 1123 (Pa.Super.1979) (failure of opposing party
*(Footnote Continued Next Page)*

Appellees filed a reply brief in support of preliminary objections. Following oral argument on June 30, 2014, the trial court entered the July 15, 2014 order granting the King Appellees' preliminary objections and dismissing Appellant's complaint. On July 21, 2014, the court also granted the Fox Appellees preliminary objections and dismissed Appellant's complaint for abuse of process against them, with prejudice.

On July 22, 2014, Appellant filed a notice of appeal. On July 23, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days, and she timely complied on August 13, 2014.

Appellant raises the following issues for our review:

A. DID THE LOWER COURT ERR WHEN IT DISREGARDED THE LAW OF THE CASE DOCTRINE, REFUSING TO ACCEPT THIS COURT'S PRIOR DECISION AT 1573 WDA 2012, WHICH HELD THAT ANY MOTION TO COORDINATE WAS REQUIRED TO BE FILED IN ALLEGHENY COUNTY, AND INSTEAD DECIDED THAT "THE MOTION TO COORDINATE HAD TO BE FILED IN THE COMMON PLEAS OF BUTLER COUNTY"?

B. DID THE LOWER COURT ERR WHEN IT DETERMINED THAT A MOTION TO COORDINATE IS NOT DESIGNED TO PREVENT INCONSISTENT RULINGS, BUT RATHER "IS DESIGNED TO HAVE THE CASE TRIED IN THE MOST APPROPRIATE COURT"?

C. DID THE LOWER COURT ERR WHEN, ON PRELIMINARY OBJECTIONS, IT REFUSED TO ACCEPT [APPELLANT'S] ALLEGATIONS AS TRUE AND INSTEAD MADE THE

_(Footnote Continued)_ —————————

to file a timely preliminary objection contesting timeliness of preliminary objections will constitute waiver of the untimeliness of original preliminary objections).

FACTUAL DETERMINATION THAT [THE] KING [APPELLEES] AND [THE] FOX [APPELLEES] "DIDN'T DO ANYTHING WRONG" AND DISMISSED [APPELLANT'S] COMPLAINT AS A RESULT?

Appellant's Brief at 3.

We will address Appellant's third issue first, because it is dispositive. In her third issue, Appellant argues there were issues of fact in her complaint that should have been left to the trier of fact. She avers that discovery would have shown her allegations were true and that she had a claim for abuse of process against Appellees. She further contends she was not required to prove anything at the preliminary objection stage and that the court need only consider the information and allegations contained in her complaint. Appellant concludes the trial court erred in granting Appellees' preliminary objections because it did not accept the allegations in her complaint as true. We agree.

This Court reviews a trial court's decision sustaining or overruling preliminary objections for an error of law. **O'Donnell v. Hovnanian Enterprises, Inc.**, 29 A.3d 1183, 1186 (Pa.Super.2011). "In so doing, [this Court] employ[s] the same standard as the trial court, to wit, all material facts set forth in the [] Complaint and inferences reasonably drawn therefrom are admitted as true." **Knight v. Springfield Hyundai**, 81 A.3d 940 (Pa.Super.2013). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to

establish the right to relief." ***Richmond v. McHale***, 35 A.3d 779, 783 (Pa.Super.2012).

Pennsylvania is a fact pleading state. ***Foster v. UPMC South Side Hosp.***, 2 A.3d 655, 666 (Pa.Super.2010), *appeal denied*, 12 A.3d 371 (Pa.2010). Complaints must be pled with the factual specificity to "not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but … also formulate the issues by summarizing those facts essential to support the claim." ***Id.*** (citing ***Lerner v. Lerner***, 954 A.2d 1229, 1234-35 (Pa.Super.2008)). A defendant may challenge the sufficiency of a pleading through preliminary objections in the nature of a demurrer. Pa.R.Civ.P. 1028(a)(4).

> **Rule 1028. Preliminary Objections**
>
> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> \* \* \*
>
> (4) legal insufficiency of a pleading (demurrer);
>
> \* \* \*
>
> (b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading.
>
> (c)(1) A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot.

(2) The court shall determine promptly all preliminary objections. ***If an issue of fact is raised, the court shall consider evidence by depositions or otherwise***.

*Note:* Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record. In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).

However, preliminary objections raising an issue under subdivision (a)(2), (3) or (4) may be determined from facts of record so that further evidence is not required.

Pa.R.C.P. 1028 (emphasis added).

Pennsylvania common law defines a cause of action for abuse of process as follows:

The tort of "abuse of process" is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. This tort differs from that of wrongful use of civil proceedings in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

*Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa.Super.1998), *appeal denied*,

729 A.2d 1130 (Pa.1998).

In her complaint, Appellant alleges Appellees used a legal process

against her to accomplish a purpose for which the process was not designed:

> the purposes of both the Second Amended Complaint and Motion for Coordination were to deprive [Appellant] of her choice of forum by forcing her to litigate any malpractice claim in [the King Appellees'] preferred forum, to test [the King Appellees'] defenses to the threatened claim, to drive up litigation costs to [Appellant], and to delay the malpractice action.

Appellant's Complaint, at 5-6.

Further, Appellant alleges she was harmed by the process:

> 41. [Appellant] has incurred and will continue to incur legal fees as a result of [Appellees'] abuse of process.

> 42. [Appellant] has also suffered emotional and psychological injuries from the actions of [Appellees] and such actions have aggravated pre-existing conditions of which [the King Appellees were] aware and it is believed that discovery will disclose such were shared with [the Fox Appellees], who joined in the perversion of the process.

*Id.* at 7.

Appellant maintains she never took the position that the November 4,

2010 document was invalid and Appellees only filed the declaratory

judgment action to compel future coordination in Butler County. Appellees,

however, contend they filed the action because they thought Appellant was

going to seek to invalidate the agreement. Appellees' true intent in filing the

declaratory judgment action is a question of fact that should go to a fact-

finder. Further discovery could show that Appellees filed the declaratory action for the improper purpose of compelling future coordination in Butler County, in an attempt to cause Appellant emotional distress and make it more difficult for her to pursue her lawsuit. At this point, it is not clear and free from doubt that Appellant will be unable to prove facts legally sufficient to establish the right to relief. *See Richmond, supra.* Thus, the trial court erred by granting Appellees' preliminary objections and dismissing Appellant's abuse of process complaint.[5]

Order reversed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

---

[5] Because of our disposition of Appellant's third claim, we need not discuss her remaining claims.