J-S78042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MANAGEMENT SCIENCE ASSOCIATES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SYMPHONY HEALTH SOLUTIONS CORP. | |
| Appellant | No. 832 WDA 2016 |

Appeal from the Order Entered May 12, 2016
in the Court of Common Pleas of Allegheny County Civil Division
at No(s): GD-15-022222

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:              **FILED FEBRUARY 1, 2017**

Appellant, Symphony Health Solutions Corp., appeals from the order entered in the Allegheny County Court of Common Pleas granting the motion filed by Appellee, Management Science Associates, to coordinate two related actions. Appellant contends the court misapplied Pa.R.C.P. 213.1 in ordering the coordinated action should proceed in Allegheny County. We affirm.

On December 1, 2015, Appellant filed a Praecipe for Summons in a civil action against Appellee in the Montgomery County Court of Common Pleas. R.R. at 19a.[1] On December 15, 2015, Appellee filed a complaint against Appellant in Allegheny County. *Id.* at 6a. On December 23, 2015, Appellant filed its complaint against Appellee in Montgomery County. *Id.* at

---

[*] Former Justice specially assigned to the Superior Court.

[1] For the parties' convenience, we refer to the reproduced record where applicable.

30a, 69a. On January 18, 2016, Appellee filed its motion to consolidate the two actions pursuant to Pa.R.C.P. 213.1 in Allegheny County. *Id.* at 3a. On May 12, 2016, the court granted the motion and ordered the consolidation of the two actions in Allegheny County. *Id.* at 125a. This timely appeal followed.[2]

Appellant raises the following issues for our review:

> 1. Whether, in making its determination pursuant to Pa.R.C.P. 213.1, the Trial Court should have considered that [Appellant] filed the action in Montgomery County before Appellee filed the action in Allegheny County.
>
> 2. Whether the Trial Court erred where the sole basis for its decision coordinating the action in Allegheny County was its erroneous finding that Appellant filed a declaratory judgment action in Montgomery County to deprive Appellee of its choice of forum.
>
> 3. Whether the Trial Court erred because it held that the mere filing of a declaratory judgment action is a factor to be considered in determining Appellee's motion to coordinate pursuant to Pa.R.C.P. 213.1.

Appellant's Brief at 2-3 (citations omitted).

First, Appellant contends "there can be no dispute that [it] initiated the Montgomery County action by filing its writ of summons **before** Appellee

---

[2] We note initially that "orders transferring and consolidating cases under Pa.R.Civ.P. 213.1 are interlocutory orders appealable as of right under Pa.R.A.P. 311(c)." *Richardson Brands, Inc. v. Pennsylvania Dutch Co., Inc.*, 592 A.2d 77, 81 (Pa. Super. 1991).

initiated the Allegheny County Action." *Id.* at 9.[3] Appellant claims Appellee filed in the wrong court. We disagree.

Rule 213.1 provides, in pertinent part, as follows:

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which **a complaint was first filed** to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

Pa.R.C.P. 213.1(a) (emphasis added). The comment to Rule 213.1(a) states that

[s]ubdivision (a) provides the procedure for obtaining an order of coordination: motion, answer and hearing. The procedure is deliberately left general and flexible. The two stated requirements are that the motion must be "with notice to all other parties" and that the request be made to "**the court in which a complaint was first filed**". Notice must be given to all parties in all actions which are to be coordinated. **The court in which the first complaint was filed establishes a forum for the coordination proceedings.**

Pa.R.C.P. 213.1 cmt. (emphases added); *accord VMB Enterprises, Inc. v. Beroc, Inc.*, 891 A.2d 749, 752 (Pa. Super. 2006) (holding motion for coordination could only be granted by the court in which the complaint was first filed).

---

[3] In response to Appellee's motion to consolidate the actions, Appellant averred "the only factor this [c]ourt should consider in deciding the Motion is where the case was first-filed." R.R. at 159a.

In the case *sub judice*, the first complaint was filed in Allegheny County. Therefore, the motion pursuant to Rule 213.1 was properly filed in Allegheny County. *See* Pa.R.C.P. 213.1(a); **VMB Enterprises, Inc.**, 891 A.2d at 752.

We address Appellant's remaining two issues together because they are interrelated. Appellant argues that

> the [t]rial [c]ourt held that the coordinated action should proceed in Allegheny County. The [t]rial [c]ourt's holding was based solely on its finding that "the apparent reason for [Appellant's] instituting a declaratory judgment action in Montgomery County [was] to deprive [Appellee] of choice of forum. But the [t]rial [c]ourt's holding lacks any basis in the record or under applicable law.
>
> \* \* \*
>
> There is no legal basis supporting the [t]rial [c]ourt's holding that [Appellant's] filing of a declaratory judgment action should be a factor used to determine where a coordinated action should proceed.

Appellant's Brief at 10, 12. No relief is due.

"We review an order coordinating actions under Rule 213.1 for abuse of discretion by the trial court. Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists." **VMB Enterprises, Inc.**, 891 A.2d at 752 (citation omitted).

In **Osram Sylvania Prod., Inc. v. Comsup Commodities, Inc.**, 845 A.2d 846 (Pa. Super. 2004), this Court opined:

- 4 -

Pennsylvania law clearly gives great weight to the plaintiff's choice of forum. . . .

Under the theory propounded by OSRAM, any time there is a contract dispute, **the defendant could defeat the plaintiff's choice of forum by winning the race to the courthouse and filing a declaratory judgment action** claiming that no contract existed or that the contract was somehow defective. This is not the purpose of a declaratory judgment action. The purpose of a declaratory judgment action is to afford relief from uncertainty and insecurity with respect to legal rights, status and other relations. It is not meant to be a vehicle by which a defendant may usurp the plaintiff's right to select jurisdiction.

\* \* \*

OSRAM's declaratory judgment action only sought to adjudicate defenses it had to Comsup's original claims.

*Id.* at 849-50 (emphasis added) (citations omitted).

Instantly, the trial court opined:

Both parties agree that this court should order coordination. The dispute is over whether the coordinated proceedings should occur in the Common Pleas Court of Allegheny County or the Common Pleas Court of Montgomery County.

I find that no factors clearly favor coordination in Montgomery County.

I find that the action should be coordinated in Allegheny County because [Appellant's] apparent reason for instituting a declaratory judgment action in Montgomery County is to deprive [Appellee] of its choice of forum, which choice is well-recognized in Pennsylvania appellate court case law. The case should be tried in Allegheny County in order to prevent [Appellant] from defeating [Appellee's] right, as the actual moving party, to select the forum for resolving the sixteen-page Complaint for unpaid invoices.

- 5 -

R.R. at 124a.[4]

Our review reveals no basis to disturb the trial court's analysis. In its complaint, Appellee avers that they had entered into a master services agreement with Appellant which contained a confidential statement of work ("SOW"). *Id.* at 7a. Appellee "properly invoiced [Appellant] for the services and licensed materials provided by [Appellee] to [Appellant] pursuant to the [SOW]." *Id.* Appellee contends that Appellant paid certain invoices but not all of the properly issued invoices. *Id.* Appellant "materially breached its contractual obligations to [Appellee] by failing to pay [Appellee] for the services performed and for the licensed materials, causing [Appellee] significant damages." *Id.* at 8a. Appellee contends that Appellant "does not have a legal or factual basis to dispute the accuracy or correctness of the invoices, but rather [Appellant] has simply refused to pay the balances owed." *Id.* at 9a.

Appellant, in turn, filed a complaint seeking a declaratory judgment. Appellant contends that "the SOW required [Appellant] to pay [Appellee] a monthly operations fee . . . . The Operations Fee would be increased in each of years two through five of the SOW pursuant to an agreed-upon cost of

---

[4] In support of its decision in the case *sub judice*, the trial court refers to its November 8, 2001 Memorandum in an unrelated case. *See* R.R. at 126a-131a.

living adjustment (the "COLA"). *Id.* at 71a. Appellant contends there are "genuine and current controversies concerning" the following claims:

> a. Whether [Appellee] owes [Appellant] $250,000 because [Appellant] overpaid the License Fee during the first year of the SOW;
>
> b. Whether [Appellee] was entitled to a License Fee during the second year of the SOW;
>
> c. Whether [Appellee] misapplied the COLA for the second year of the SOW;
>
> d. Whether [Appellee] was entitled to an Early Termination Fee under the SOW;
>
> e. Whether [Appellee] was entitled to a second Implementation Fee under the SOW; and
>
> f. Whether [Appellee] overcharged [Appellant] for other amounts under the SOW.

*Id.* at 74a.

Thus, Appellant's declaratory judgment action sought to adjudicate defenses it had to Appellee's original claims. *See Osram Sylvania Prod., Inc.*, 845 A.2d at 849-50. Appellant cannot usurp Appellee's choice of forum. *See id.* Accordingly, we discern no abuse of discretion by the trial court in coordinating the actions in Allegheny County. *See VMB Enterprises, Inc.*, 891 A.2d at 752.

Order affirmed.

J-S78042-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2017