J-S70017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF GENEVIEVE BUSH AN INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL AND JOSEPH BUSH | : : : : : : | |
| | : | No. 1686 EDA 2018 |

Appeal from the Order Entered May 1, 2018
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  No. 1509-1720

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **Filed March 19, 2019**

Joseph Bush and Michael Bush appeal from the order denying without prejudice their Petition for Declaratory Judgment.[1] We agree with the trial court that an actual controversy is not imminent and that a Declaratory Judgment is not needed to prevent injury to interested parties. We affirm.

In 2004, Genevieve Bush executed a Will, in which she named her four living children—Joseph, Michael, Justin (together "the Bush Brothers"), and Mary Bush—as beneficiaries.[2] In 2006, Genevieve executed a Last Will and

---

[1] Although the order denied the relief "without prejudice," we conclude the order was a final order because it did not provide Michael and Joseph an opportunity to receive declaratory relief or amend the petition. Instead, the order states that the brothers can seek the relief during will contest proceedings.

[2] In 2004, Genevieve also signed a Durable Power of Attorney for Financial Management, in which she named Joseph Bush as her attorney-in-fact.

Testament, in which she named her daughter Mary as the sole beneficiary, and, if Mary pre-deceased Genevieve, named Genevieve's brother Leo Yourgevidge as the sole beneficiary. Also in 2006, Genevieve signed a Durable Power of Attorney and a Durable Power of Attorney for Healthcare, naming Mary as her agent in each document, and an Advance Directive for Healthcare.[3] In 2007, Genevieve executed a Pour-Over Will and Revocable Living Trust Agreement, naming Mary as Trustee,[4] and providing for the same beneficiaries upon her death as named in the 2006 Will and Testament. Also in 2007, Genevieve signed a Durable Health Care Power of Attorney and Health Care Treatment Instruction (Living Will), appointing Mary as her health care agent and, if Mary was unavailable, Eleanor DeMarco.

Following prior litigation, the trial court found that Genevieve suffered from an incapacity at least as early as 2006. Trial Court Opinion, filed June 24, 2011, at 1, 11, 37. At that time, the court found that Genevieve's daughter, Mary, exercised undue influence over Genevieve, and found the 2006 power of attorney executed by Genevieve to be void. *Id.* at 37. Although initialing noting "[t]he Bush Brothers would also seek invalidation of the wills executed by [Genevieve] in 2006 and 2007," it later found that "the efficacy of the Will and Trust instruments [were] not before" the court and therefore

---

[3] The Advanced Directive named Eleanor DeMarco as surrogate if Mary was unavailable.

[4] The Pour-Over Will also named Mary as executor, and if Mary pre-deceased Geneiveve, named Yourgevidge, as executor, and if Yourgevidege also pre-deceased Genevieve, named Eleanor DeMarco as executor.

did not invalidate the Will and Trust. ***Id.*** at 4, 38. It did, however, find that any transfer made by Genevieve to the 2007 Pour-Over Will and 2007 Revocable Trust were invalid. ***Id.*** at 38. The trial court named Joseph as guardian of the estate and Mary and Michael as co-guardians of the person. ***Id.*** at 30. We affirmed. ***In the Matter of Genevieve Bush***, unpublished memoranda, Nos. 2726 EDA 2011 and 2746 EDA 2011 (Pa.Super. filed June 11, 2012).

In subsequent litigation, the trial court removed both Mary and Michael as guardians of the person and named a third party as guardian of the person. We again affirmed these findings. ***In the Matter of Genevieve Bush***, unpublished memorandum, Nos. 1684 EDA 2013, 1861 EDA 2013, 1863 EDA 2013 (Pa.Super. filed June 24, 2014) (affirming removal of Mary as co-guardian); ***In the Matter of Genevieve Bush***, unpublished memorandum, 3207 EDA 2015 (Pa.Super. filed Feb. 21, 2017) (affirming removal of Michael a co-guardian). In addition, on September 20, 2017, in the same order in which it appointed a third-party guardian of the person, the court also revoked "any Health Care Power of Attorney executed by Genevieve Bush." Order, filed 9/20/2017.

On June 24, 2018, Joseph and Michael filed a Petition for Declaratory Relief.[5] In the Petition, the Bush Brothers sought a declaration that the 2006 Will and Advance Directive and the 2007 Pour-Over Will, Trust, and Living Will

---

[5] Although Justin did not join in the initial petition, his counsel did appear at a hearing on the Petition and did not oppose the relief sought.

were void *ab initio*. The brothers claimed declaratory relief was needed because Mary used the documents "to cause significant confusion regarding the care of [Genevieve]" and her actions "financially impact[ Genevieve's] estate." Petition for Declaratory Judgment at ¶ 47. They claimed that:

> Since Mary's removal as Co-Gaurdian, Mary has interfered with the rights, duties and responsibilities of the lawfully appointed Guardians to conduct the affairs of [Genevieve]. Mary's impositions have been premised upon the wrongfully procured 2006 and 2007 Estate Documents, which on their face give Mary the appearance of authority and status relative to the personal and financial issues that affect [Genevieve]. These impositions have resulted in grave confusion to third parties, repetitive obstacles for the lawfully charged guardians, and extra costs to the Estate. Further, they provide a platform for Mary's derisive public media campaign against virtually anyone who opposes Mary's quest to control [Genevieve's] life and assets.

*Id.* at ¶ 48. It further stated:

> Adjudicating the status of the wrongfully procured 2006 and 2007 Estate Documents prior to probate[] will prevent a potentially dangerous and chaotic environment where Mary is likely to want to assert immediate control over presumptive testamentary assets. The present adjudication of the Estate Documents will allow for a more orderly, calm and less costly probate process.

*Id.* at ¶ 5.

The trial court held argument on the issue of whether the declaratory judgment action was ripe. On May 1, 2018, the trial court denied the Petition without prejudice, finding that the Bush Brothers failed to demonstrate that an actual controversy existed and that declaratory relief was necessary to prevent injury to those interested in Genevieve's estate. Order, filed 5/1/18,

- 4 -

at 1 n.1. It found that Genevieve was "still very much alive," and although she was elderly, there was "no indication her demise is imminent." *Id.* The court noted that upon Genevieve's death, Mary will not control the funds unless commissioned as personal representative by the Register of Wills, and no personal representative will be appointed without notice to the Bush Brothers and opportunity for them to be heard. *Id.* It further noted that the guardian of the estate could lodge the will with the Register of Wills "to prevent the type of situation feared by" the brothers. It found that "[t]hose interested in the estate will not be injured by waiting until the ordinary course of judicial proceedings that will occur upon the death of [Genevieve]." *Id.*

Joseph and Michael Bush filed a timely Notice of Appeal. They raise the following issues on appeal:

> A. Did the Honorable Court err as a matter of law in denying the Petition for Declaratory Judgment?
>
> B. Did the Honorable Court err as a matter of law and/or abuse its discretion in denying the Petition for Declaratory Judgment because an actual controversy exists regarding Mary Bush's status as a representative of Mrs. Bush pursuant to the Estate Planning Documents?
>
> C. Did the Honorable Court err as a matter of law and/or abuse its discretion in finding no actual controversy existed because an alternative remedy to the declaratory judgment existed?
>
> D. Did the Honorable Court err as a matter of law and/or abuse its discretion in finding no actual controversy existed because a guardian of the estate has been appointed?

Appellants' Br. at 4 (suggested answers omitted). We will address these issues together.

- 5 -

Joseph and Michael argue that the declaratory judgment action is ripe and timely because an actual controversy exists and all interested parties are before the trial court. They argue litigation is imminent and inevitable because the trial court previously found Mary exercised undue influence over Genevieve at least as early as 2006; Mary receives the benefits of the estate planning documents, to the exclusion of the Bush Brothers; Joseph and Michael stated their desire to invalidate the estate planning documents in the 2011 litigation; and the Bush Brothers will challenge the validity of the estate planning documents if submitted to probate. Appellants' Br. at 10. They also argue that all interested parties are before the court. *Id.*

Joseph and Michael also argue that litigation is "[n]ot only imminent but it is ongoing," claiming Mary interferes with the Guardianship duties by communicating to the health care providers and uses her title as "Trustee" to demand information regarding Genevieve's care and finances. *Id.* at 11-12. They claim that when Mary contacts a third party on Genevieve's behalf, the guardians must spend time undoing the sequence of events triggered by the contact, and the guardian of the person bills the estate. *Id.* at 12. They claim that "[e]liminating the platform from which Mary asserts authority on behalf of [Genevieve] is urgent in light of the Estate's dwindling financial resources." *Id.*

"Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law." *Erie Ins. Gr. v. Catania*, 95 A.3d 320, 322 (Pa.Super. 2014)

(quoting ***Pocono Summit Realty, LLC v. Ahmad Amer, LLC***, 52 A.3d 261, 265 (Pa.Super. 2012)). Further, whether a trial court should exercise jurisdiction over a declaratory judgment action is a matter of judicial discretion. ***Osram Sylvania Prods., Inc. v. Comsup Commodities, Inc.***, 845 A.2d 846, 848 (Pa.Super. 2004); 42 Pa.C.S.A. § 7537.

The Declaratory Judgments Act provides: "Any person interested under a . . . will, . . . or other writings constituting a contract, . . . may have determined any question of construction or validity arising under the instrument . . . , and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S.A. § 7533. It further provides that:

> Any person interested, as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:
>
> (1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others.
>
> (2) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity.
>
> (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

42 Pa.C.S.A. § 7535.

In addition, the Act states that "[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy

- 7 -

giving rise to the proceeding, but as provided in section 7541(b) (relating to effect of alternative remedy), the existence of an alternative remedy shall not be a ground for the refusal to proceed under this subchapter." 42 Pa.C.S.A. § 7537. Further, we have found that a court may construe a trust or will under the Declaratory Judgments Act only if an actual controversy indicating imminent and inevitable litigation exists, there is a "clear manifestation that the declaration will render practical help in ending the dispute," and all parties that may be affected are before the court. *In re Mampe*, 932 A.2d 954, 958 (Pa.Super. 2007).

We conclude the trial court did not abuse its discretion in denying the petition for declaratory judgment. An actual controversy is not imminent, as Genevieve is alive, and the trial court has appointed a guardian of the person and a guardian of the estate. The brothers claim Mary uses her title as "Trustee" to interfere with Genevieve's care, which causes the guardian of the person to charge the estate. The court, however, appointed a guardian of the person, who is to make decisions for Genevieve and act in her best interest. *See* 20 Pa.C.S.A. § 5521(a). Further, as the trial court found, "[t]hose interested in the estate will not be injured by waiting until the ordinary course of judicial proceedings that will occur upon the death of [Genevieve]." Order, filed May 15, 2018, at 1 n.1. Accordingly, the trial court did not abuse its discretion in concluding that the declaratory judgment action was not ripe.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:3/19/2019